UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Ronald L. Baskett
(Name of Plaintiff)

CV-07-0083-MWL

vs.

CIVIL RIGHTS COMPLAINT
BY A PRISONER UNDER 42
U.S.C. § 1983

Department Of Corrections ET AL.

City Of Seattle Probation Division

State Of Washington Penal Division

Airway Heights Corrections Center
(Names of ALL Defendants)

I.  **Previous Lawsuits**

   A. Have you brought any other lawsuits in any federal court in the United States while a prisoner?   [x] Yes   [ ] No

   B. If your answer to A is yes, how many? __Multiple__   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

   1. Parties to this previous lawsuit:

      Plaintiff: Ronald L. Baskett

      Defendants: KING COUNTY JAIL

1

(Rev. 09/06)

RECEIVED
MAR 1 4 2007
CLERK, US DISTRICT COURT
SPOKANE, WASHINGTON

2. Court (give name of District): <u>U.S. DISTRICT COURT / Western District</u>

3. Docket Number: <u>C06-131-JPD-TSZ</u>

4. Name of judge to whom case was assigned: <u>James P. Donohue / U.S. Magistrate Judge</u>
<u>Thomas Zilly / U.S. District Judge</u>

5. Disposition (For example: Was the case dismissed as frivolous or for failure to state a claim? Was it appealed? Is it still pending?):

<u>Filed [ Summary Judgment ]; Deputy Prosecutor ( Cross Filed ) Litigating/Pending;</u>

6. Approximate date of filing lawsuit: <u>11.06.2006.</u>

7. Approximate date of disposition: <u>[ Litigating Still Pending ];</u>

II   **Place of Present Confinement:** <u>AHCC / Airway Heights Corrections Center;</u>

A. Is there a prisoner grievance procedure available at this institution? [X] Yes  [ ] No

B. Have you filed any grievances concerning the facts relating to this complaint?
[X] Yes  [ ] No
   If your answer is NO, explain why not: _____

C. Is the grievance process completed?  [X] Yes  [ ] No

D. Have you sought other informal or formal relief from the proper administrative officials regarding the acts alleged in this complaint?  [X] Yes  [ ] No

   If your answer is NO, explain why not: _____

III  **Parties to this Complaint**

A. Name of Plaintiff: <u>Ronald L. Baskett</u>  Inmate No.: <u>854421</u>

   Address: <u>K-25(2) AHCC / Airway Heights Corr Ctr; P.O. Box 2019 Airway Heights, Wa 99001-2019</u>

(In Item B below, place the full name of the defendant, his/her official position, and his/her place of employment. Use Item C for the names, positions and places of employment of any additional defendants. Attach additional sheets if necessary.)

2

(Rev. 09/06)

B. Defendant: <u>Department Of Corrections</u>   Official position: <u>Penal Corrections</u>
   Place of employment: <u>State Of Washington / d.o.c. Corrections Dept</u>; Of
   Capitol Center Bldg, 410 West Fifth Ave P.O. Box 41100 Olympia, Wa 98504-1100
C. Additional Defendants (NOTE: These Defendants must be listed in the caption of the
   Complaint:;
   <u>City Of Seattle Probation Division</u>
   <u>State Of washington Penal Division</u>
   <u>Airway Heights Corrections Center</u>

IV   **Statement of Claim**

(State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved, including dates, places and other persons involved. <u>Do not give any legal arguments or cite any cases or statutes.</u> If you allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets if necessary.)

**Comes Now The Plaintiff Ronald L. Baskett In The Instant** Case Bringing The 42 U.S.C. § 1983/81/85/86 ( Civil Rights Statutes ) Raising An; [ **EQUAL PROTECTION** ] Clause Violation(s) Under The Fourteenth Amendment Of The U.S. Constitution. This [ Deprivation Of Civil Rights ] Call(s) Into Question Federal Statutes 29 U.S.C. 794(a) / 42 U.S.C. § 12131 ET SEQ., [ADA], American Disabilities Act., & **RCW 49.60.030** [LAD], Law Against Discrimination.

The Federally & State Protected [ Fundamental Rights ] Are Raised By The Plaintiff To Be [ **SUSPECTED CLASS** ] Of Individuals With A ( Qualified Disability ): The Plaintiff Raises The Question That d.o.c. Has Never Made Any Allowances To Any Policies, Practices [or] Procedures Pursuant To The [ REASONABLE ACCOMMENDATIONS ] Outlined

By The [ADA]. The Plaintiff Has [ Multiple Disabilities ] & [ Multiple Disorders ]; See; Attachment(s) / Exibit [xx];

1996/97---Diagnosed By The Department Of Veterans Affairs With Bi Polar Disorder; 2000---Diagnosed By The Department Of Veterans Affairs With Uni-Polar Disorder; 2003/05---Possible P.T.S.D., Post Traumatic Stress Disorder/Intake/Pre-requisits/Treatment/Rehabilitation; 2004---Diagnosed By (SSD). Social Security Disability With [ Effect

V.   **Relief**

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

Refer To Attachment/Exibit [G] Where The Petitioner/Plaintiff Asked The U.S. District Court For An Injunction!!! The Plaintiff In The Instant Case Pray(s) That The Honorable Eastern District Will Grant Injunction(s) Based On The ( Material Fact ) That No Other Court Of Competent Jurisdiction Has Issued Any Kind/Type Of Equitable Relief; An Injunction Is The Only Way The Plaintiff Know(s) To Not Only Stop Present Abuse(s), But Rather Future Abuse(s) As Well! The Plaintiff Seek(s) One Injunction To Stop The Harrassment Of The Plaintiff By d.o.c. Pursuant To RCW 10.14., & The Enforcement Of RCW 9.94A.150 Which Allows d.o.c. To Release The Plaintiff To The V.A. Hospital For Psychiatric Treatment, & A Secondary Injunction Authorizing d.o.c. To Release/Remand Back To New Hearing; Compensatory Damages In The Amount Of $ 250,000

I declare under penalty of perjury that the foregoing is true and correct. [ ANTICIPATORY RELIEF ]; in federal courts against State Criminal Prosecutions growing out of ( civil rights activities; 8 A.L.R. 3d. 301.

Signed this ___07th___ day of ___March___, 20_07_.

_____
(Signature of Plaintiff)

4

(Rev. 09/06)

ive Disorders As The ( Primary Diagnosis ), & Anxiety Disorders As The ( Secondary Diagnosis ).

Granted, Federal Courts Will Generally Not Intervine In A Pending State Proceeding Absent [ EXTRAORDINARY CIRCUMSTANCES ] Where The Danger Of [ IRREPARABLE HARM ] Is Both Great & Immediate., See: <u>YOUNGER V. HARRIS</u>;(A): See Also., <u>FORT BELKNAP INDIAN COMMUNITY V.MAZUREK</u> (B Only In The Most Unusual Circumstances Is A Plaintiff Entitled To Have A Federal Court Intervine By Way Of **Injunction** Untill After The Jury Comes In, Judgment Has Been Appealed From & The Case Concluded In The State Courts; <u>DRURY V. COX</u>;(C):

Extraordinary Circumstances Exist Where [ Irreparable Injury ] Is Both Great & Immediate, For Example Where A State Law, [ RCW 9.94A. 120 (7)(ii)(b)(I) ] Is Flagrantly & Patently **Violative** Of Express Constitutional Prohibitions Or Where There Is A Showing Of Bad Faith, Harassment, Or Other Unusual Circumstances That Would Call For Equitable Relief. <u>YOUNGER</u>    401 U.S. at 46, 53-54.

Refer To Attachment/Exibit [G], ( PETITION FOR INJUNCTION Where The Plaintiff Brings Into Question The [ Rational Basis Test ]; Wherefore, In The General Case, The Courts Presume The Validity Of A---

| (A) | 401 U.S. 37, 45-46 | (1971) | |
|---|---|---|---|
| (B) | 116 S. Ct. 49 | (1995) | |
| (C) | 457 F.2d 764, 764-65 | [9th Cir] | (1972) |

Complaint   -5-

State Statute If There Is Any Rational Basis For IT!!!

The Plaintiff Raises A <u>General Constitutional Objection</u> To The Statutes Reasonableness, Wherefore Declaring There Is No Rational Basis For A Statute That Does Not Violate The [ EQUAL PROTECTION ] clause Facially, However As Applied, Does Indeed. The Plaintiff Has <u>Multiple Disorders</u> Ranging From Bi-Polar, Uni-Polar, Post Traumatic Stress Disorder, Effective Disorder & Anxiety Disorder. Wherefore, To <u>Force</u> Someone To ( Devote Time To A Specific Employment Or Occupation ), The [ Statutory Language ] Of RCW 9.94A.120(7)(ii)(b)(I); Who, Has Been Declared Not Only [ Permanently & Totally Disabled ] Facially By The Department Of Veterans Affairs But Rather Was Placed On A [ NO WORK ] status Pursuant To P.T.S.D. Treatment Rehabilitation, Viloating The [ Equal Protection/Application Of The Law.

The Plaintiff Raises A <u>General Constitutional Objection</u> To The d.o.c. Violating RCW 49.60.030 / [LAD], Law Against Discrimination;
-------Violating RCW 71A.10.040/010-080 / [PAD], Protection Against Discrimination;
-------Violating RCW 74.34.020 / Abuse Of Vulnerable Adults Statute;

The [LAD], Is The Washington State Counterpart To The [ADA]; The [PAD] Prohibits The Discrimination From Individuals With Disabilities. The Abuse Of Vulnerable Adults Statute Creates A New ( Right Of Action For The Abuse, <u>Mental Abuse & Exploitation</u> Of Disabled Adult Persons.

The Plaintiff Will Attempt To Show A Pattern Of Neglect By d.o.c. Refer To Exibits [A,B,C,D,E,G,I,J,K,O,S,V]   Where The Plaintiff Is Attempting To Alert d.o.c. To [ Deliberate Indifference Standard ] & [ Excessive Force Standard ] As Proscribed By The ( Ban On Cruel & Unusual Punishment ) Under The Eighth Amendment Of The U.S. Constitution. The Eighth Amendment Now Carries Over To The States By The Fourteenth Amendment.

Complaint   -6-

**The [ADA] Is A (2) Prong Standard;**

**#1).** Either d.o.c. Has To Assert The Individual To Have A Disabiility; or

**#2).** The Individual Need(s) Documentation;

The Plaintiff Showed Documentation, See Exibit [AA] To Robert Carsrud., Ph.d., & His Classification Counselor CC(2) Letherbury With No Results! Neither Made A Photo-copy, Neither Asked To See The Plaintiff(s) Documentation, & The Plaintiff Showed On His Own Accord. The Plaintiff Spent The Whole Year At [MCC], Monroe Correctional Complex Trying To Convince Prison Official(s) Of Something He Al-Ready Had! Here At [AHCC], Airway Heights Corrections center, The Plaintiff Has Alerted The [CUS], Corrections Unit Supervisor, [CPM], Correctional Program Manager, ( who is over disabilities ) & The Superintendant Maggie Millerstout With A Petition To Authorize Treatment For [ Developmental Disabilities ], Pursuant To **RCW 71A.10.080** & Again, No One Has Asked To See Documentation!!!

On 03.22.2007., The Plaintiff Will Now Have Gone (23) Months With No Medications, & Treatment So Deviating From The ( Duty Of Care ) Owed & Allowed To Incapacitated Inmates, See; **LANGLY V. COUGHLIN;(D):** The Plaintiff Raises The Question That The Enforcement Of **RCW 9.94A.120(7)(ii)(b)(I)** Was Done Without Any Reasonable Basis & Therefore Is [ Purely Arbitrary ]. A P.O., Probation Officer Could well Interpret The Statute More Strictly Intended By The Court, See; U.S. V. GUAGLIADO ;(E): Any Vagueness Is Cured By The P.O.(s) Intrepation, & Its Whatever The P.O. Finds Titilitating; [ To Tickle [or] Exite Pleasurably ]:

There Can Be No [ **Ligitimate Government Objective** ] Calling Into Question The [ Due Process ] clause Of The fifth Amendment; (F):

```
(D)   888 F.2d 252,254    [2nd Cir]       (1989
(E)   278 F.3d    [9th Cir]               (2002)
(F)   347 U.S. 497
```

Complaint   -7-

The Suspected Class In TheInstant Case Is Saddled With Such Disabilities &/Or Subjected To Such A History Of Purposeful Unequal Treatment, Or Regulated To Such A Position Of Political Powerness As To Command Extraordinary Protection From The Majoritarian Process; (F):

Congress Therefore May On Its Own Initiative Take Steps To -----[ OUTLAW DISCRIMINATION ]; 42 U.S.C. §§ 1981 / 2000(h): The Intolerable Prison Conditions May, However Create A [ DEFENSE OF DURESS ];(H): Refer To ( Present Trauma ) Embodied In The Main Complaint, Which Has Further Created The "[ SCHOCKING OF THE CONTEMPORARY CONSCIENCE ]" :

The Plaintiff Raises In A [ Consolidated Past & Present Traumatic ] State Of Mind, Satisfying The Irreparable Harm Requirement...

(F)   411 U.S. 1, 28
(G)   394 U.S. 618, 634
(H)   44 U.S. 394

Complaint   -8-