EXHIBIT [G]

# EXHIBIT

U.S. DISTRICT COURT
Eastern District Of Washington
At Spokane.

No.------------------------

28 U.S.C. § 2281

　　　　On The Grounds Of The [ UNCONSTITUTIONALITY ] Of The Re-
sults Obtained By The Use Of The Washington State Statute, RCW, Re-
vised Code Of Washington 9.94A.120(7)(ii)(b)(I); Sentences:

EQUAL PROTECTION CHALLENGE // VIOLATING;

　　　　Article One, Section 13/14 Of The Washington State Const-
itution;
　　　　Equal Protection clause Of The Fourteenth Amendment;

## PETITION FOR INJUNCTION

TURNER V. FOUCHE     24 Led.2d   567     (1970)
§ 225.5--one judge decision--state statute;
§ 318----equal protection----basis of classification;

RECEIVED

FEB 2 6 2007

CLERK, US DISTRICT COURT
SPOKANE, WASHINGTON



EXIBIT [GG]

# EXHIBIT

The Petitioner Seeks An Injunction Barring An Erroneous State Criminal [ Probation Revocation Hearing ], Cause # 01-1-072508 KNT 4 ------------ Based On An Unconstitutionally Uncertain Statute; RCW 9.94A.120(7)(ii)(b)(I)., Sentences, Is A [ Volitile Prohibitive Statute ]: On It(s) Face, The Statute Is Not Unconstitutional,However, As Applied Is!!!

Petition For Injunction;     -1-    10

---

**TITLE II / [ADA], American Disabilities Act;**

29 U.S.C. § 794(a) / 42 U.S.C. § 12131 et al., Public Entities Specifically Prohibits Discrimination Against ( Qualified Persons ) Under Title II;

RCW 49.60.030 [LAD], Law Against Discrimination., Is The Washington State Counterpart To The [ADA];

Mandated In The Petitioners J & S, Judgment & Sentence, Is That The Petitioner Maintain [ Employment ]; One Cannot Maintain Employment When One Is; [ Permanently & Totally Disabled ]: RCW 9.94A.120(7)(ii)(b)(I) States On Its Face, That A Probationer Devote Time To A Specific Employment Or Occupation, Violating The Equal Protection clause / Equal Application Under The Fourteenth Amendment;

The Petitioner Has In His Posession Documentation Stating That He Is Under Disabilities Pursuant To V.A. Mandate, & Affective Disorders / Anxiety Related Disorders Pursuant To (SSD), Social Security Disability Mandate!!!

The Having To Return To Work On Probation Completely Contradictory To The ( No Work ) Mandate The V.A. Had Posistioned The Petitioner On, [ Caused & Created ] The Petitioner To Enter Into The, [ Fight Or Flight Syndrome ]; [ Dusess ]; Further Constituting The [ **Schocking Of The Contemporary Conscience** ]; Causing The Petitioner To Fall Out Of Compliance In His S/O Treatment Program, Resulting In (1) Probation Violation, Causing The Petitioners (60) Month Suspended Sentence To Be Revoked!!!

Petition For Injunction;    -2-

# EXHIBIT

STATUTORY CHALLENGE TO RCW 9.94A.120(9)(ii)(b)(E)

```
RECEIVED

JAN - 4 2007

OFFICE OF THE CLERK
SUPREME COURT, U.S.
```

12

# EXHIBIT

APPLICATION / TO STAY THE ENFORCEMENT OF
JUDGMENT : Rule 23

Ronald L. Baskett

-VS-    PLAINTIFF

KING COUNTY // J.O.C. et al

Ken Quinn  DEFENDANTS
SUPT; d.o.c...

RECEIVED

JAN - 4 2007

OFFICE OF THE CLERK
SUPREME COURT, U.S.

NO. 06 6619 7227

WRIT OF CERTORARI

GINSBERG, ASSOCIATE Justice
U.S. Supreme Court // 9th Cir. Justice
U.S. Supreme Court
Washington, D.C. 20547-0001

1). A STAY may be granted by a Justice as Permitted by LAW!

2). A Party To a Judgment Sought to be Reviewed may Present To A Justice An Application To; "STAY THE ENFORCEMENT OF THAT Judgment" See; 28 U.S.C. § 2101 (F).

3). AN APPLICATION FOR A STAY SHALL Set out With Particularity Why the Relief Sought Is Not Available From Any other Court or Judge.

Exhausted In the U.S. District Court, Western District of Washington At Seattle.
# C06-0338-RSM-JPD

THE APPLICANT SAW HIS PREVIOUS "(CAUSE OF ACTION)"

13

# EXHIBIT

BE DISMISSED IN THE U.S. COURT OF APPEALS, &
UPON A PETITION FOR REHEARING, WAS DISMISSED
ALSO. SEE: Baskett V. Wolfe # 06-6619 __
WRIT OF CERTIORARI, U.S. SUPREME COURT (2006)

THE APPLICANT did NOT BELIEVE THAT HIS CLAIM
WAS ADJUDGED FAIRLY, & did NOT WANT TO RUN THE
RISK OF REACHING THE SAME RESULTS IN THE "INSTANT
CASE" HERE, SO TOOK A DIFFERENT COURSE OF ACTION.

THIS (CAUSE OF ACTION) IS A STATUTORY CHALLENGE
TO (RCW), REVISED CODE OF WASHINGTON 9.94A.120
(7)(ii)(b)(I), A SUB SECTION OF RCW 9.94A.120 SENTENCES,
WHICH IS ONE OF MANY STATUTES CONTAINED IN THE
(SRA), SENTENCE REFORM ACT OF 1981; THE APPLICANT
WAS SENTENCED UNDER THIS ACT, & RCW 9.94A.120
CONTROLS A (PROBATIONER'S) BEHAVIOR & CONDUCT EX-
PECTATIONS, ETC.

RCW 9.94A.120 (7)(ii)(b)(I) STATES ON ITS FACE,
THAT A; (PROBATIONER DEVOTE TIME TO A SPECIFIC EM-
PLOYMENT OR OCCUPATION): THE APPLICANT COULD NOT
DO THIS, BECAUSE NOT ONLY IS HE "(PERMANENTLY &
TOTALLY DISABLED)", BUT RATHER WAS ON A "(NO WORK
STATUS)" IN HIS P.T.S.D., POST TRAUMATIC STRESS
DISORDER TREATMENT/REHABILITATION PROGRAM AT THE
PUGET SOUND HEALTH CARE V.A. HOSPITAL.

THE APPLICANT WAS EQUALLY COURT ORDERED TO
MENTAL HEALTH TREATMENT AT THE V.A. HOSPITAL. THE

RECEIVED
JAN - 4 2007
OFFICE OF THE CLERK
SUPREME COURT, U.S.

14

# EXHIBIT

RETURNING TO WORK TO APPEASE HIS (P.O.), PROBATION OFFICERS ENFORCEMENT OF NOT ONLY RCW 9.94A.120 (7)(ii')(6)(E)., but RATHER THE ERRONEOUS ENTRY MADE INTO THE PETITIONER(S) (J&S), JUDGMENT & SENTENCE by the APPLICANTS SENTENCING JUDGE, THAT THE APPLICANT MAINTAIN EMPLOYMENT; SEE; <u>BASKETT V. KESSLER #_06-3574_ _ _ 9TH CIR (2006)</u>

THE APPLICANT ALSO brought A 42 U.S.C. § 1983 (CAUSE OF ACTION) AGAINST HIS (P.O.) ALLEGING A WARRANTLESS ARREST & "(PREJUDICE & DISCRIMINATION)". SEE; <u>BASKETT V. PAPINI # _06-35104_ 9TH CIR (2006)</u>

THE APPLICANT ALSO CAME OUT OF THE WASHINGTON STATE SUPREME COURT INTO THE U.S. SUPREME COURT WITH A WRIT OF CERTIORARI WITH A REDRESS OF GRIEVANCES ADDRESSING THE (PRP), PERSONAL RESTRAINT PETITION PURSUANT TO RCW 10.73.090., "(UNLAWFUL RESTRAINT)" SEE; <u>BASKETT V. KEN QUINN / SUPERINTENDENT / D.O.C. # _06-7323_ _ _ U.S. SUPREME COURT (2006)</u>.

<u>STATUTORY CHALLENGE TO RCW 9.94A.120 (7)(ii)(6)(E) :</u>

DEFINITENESS OR VAGUENESS AS TO VAGUENESS OR UNCERTAINITY AFFECTING VALIDITY OF STATUTE GENERALLY:

THE PETITIONER UPON APPLICATION OF THE <u>"[Void FOR VAGUENESS DOCTRINE]"</u> ALLEGES A "DUE PROCESS" CLAUSE VIOLATION UNDER THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION. HOWEVER, THERE IS NOTHING

15

# EXHIBIT

VAGUE ABOUT THE STATUTORY LANGUAGE ON IT'S
FACE HERE, AS THE LEGISLATION MEANS EXACT-
LY WHAT IT SAY(S). SEE; STATE V. E.S. (A):

THE LEGISLATION INTENDED FOR THE "(DIS-
ABLED PROBATIONER WITH A QUALIFIED DISABILITY)"
AS DEFINED BY THE (ADA), AMERICAN DISABILITIES
ACT, TITLE 2 "(PUBLIC ENTITIES)" 29 U.S.C § 794(a)
42 U.S.C § 12131 et seq., TO MAINTAIN EMPLOYMENT,
VIOLATING WASHINGTON STATE CONSTITUTION., ART 1,
§ 3., THE WASHINGTON STATE COUNTERPART TO THE FO-
URTEENTH AMENDMENT. THE APPLICANT ALLEGES AN:
"(EQUAL PROTECTION OF THE LAWS)" VIOLATION, VIOLATING
THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMEN-
DMENT.

THE (ADA) IS A FEDERAL STATUTE, WHEREFORE A
VIOLATION OF FEDERAL LAW IS ESTABLISHED.

THE (LAD), LAW AGAINST DISCRIMINATION, IS
THE WASHINGTON STATE COUNTERPART TO THE (ADA). SEE;
AT RCW 49.60.030; WHEREFORE, A VIOLATION OF
STATE LAW IS ESTABLISHED.

FURTHER STATE LAW VIOLATIONS TO INCLUDE;
RCW 71A.10.040., (PAD), PROTECTIONS AGAINST DIS-
CRIMINATION.

FURTHER STATE LAW VIOLATIONS TO INCLUDE; RCW
74.34.020., "THE ABUSE OF VULNERABLE ADULTS STA-

(A)    104 WN. APP. 643    (2001)

16

# EXHIBIT

TUTE)".

FURTHER STATE LAW VIOLATIONS TO INCLUDE:
RCW 10.14.010 // HARASSMENT:

## RATIONAL BASIS TEST

FOR ANALYZING AN; EQUAL PROTECTION CHALLENGE
TO A LEGISLATIVE CLASSIFICATION, THE CLASSIFIC-
ATION WILL BE UPHELD IF;

(1). ALL MEMBERS OF THE CLASS ARE TREATED ALIKE.

(2). REASONABLE GROUND(S) EXIST TO JUSTIFY THE EXCLUS-
ION OF PARTIES WHO ARE NOT MEMBER(S) OF THE
CLASS.

(3). THE CLASSIFICATION BEARS A RATIONAL RELATIONSHIP
TO A LEGITIMATE PURPOSE OF THE STATUTE.

## MINIMAL SCRUTINY TEST

IN ESSENCE, A STATUTE WILL SURVIVE AN;
EQUAL PROTECTION CHALLENGE UNDER THE RATIONAL BASIS
TEST [OR] MINIMAL SCRUTINY TEST IF IT IS RATION-
ALLY RELATED TO A LEGITIMATE STATE INTEREST. SEE:
CONDO. ASSN. V. APARTMENT SALES CORP; (B):

## STANDING TO CHALLENGE TEST
A PARTY HAS STANDING THE VALIDITY OF A

(B)   144 Wn. 2d 570   (2001)

17.

# EXHIBIT

(1). THE PARTIES ~~HAS STANDING~~ ASSERTED INTEREST IS WITHIN THE ZONE OF INTEREST (S) PROTECTED by THE STATUTE.

(2). THE PARTY HAS SUFFERED AN INJURY IN FACT.

A PARTY MAY CHALLENGE THE VALIDITY OF A STATUTE ON EQUAL PROTECTION GROUNDS EVEN THOUGH THE PARTY IS NOT A MEMBER OF AN (EXCLUDED CLASS) IF THE PARTY HAS AN INTEREST THAT WOULD BE DIRECTLY AFFECTED by A DET-ERMINATION OF THE STATUTES VALIDITY.

U.S. V. GAINEY; (C):

1. CASES WHEREIN A STATUTE IMPOSING A PEN-ALITY IN THE NATURE OF A PUNISHMENT FOR THE NON PERFORMANCE BY A CRIMINAL ACTION [OR] PROCEEDING.

VALIDITY UNDER FEDERAL CONSTITUTION, OF CRIMINAL STATUTE OR ORDINANCE MAKING ONE FACT PRESUMPTIVE OR "PRIMA FACIE" EVIDENCE OF ANOTHER--FEDERAL CASES.

A STATUTORY PRESUMPTION MAY BE HELD UNCONSTIT-UTIONAL AS DENYING EQUAL PROTECTION IF IT PU-RPORTEDLY A PROVISION OF A GENERAL CRIMINAL STAT-UTE, BUT IF IT ACTUALLY SINGLES OUT & DISCRIMINAT-ES AGAINST A SINGLE PARTY.

HODEL V. INDIANA ; (D):

CONSTITUTIONAL LAW § 720 - EQUAL PROTECTION -- ARBITARINESS.

| | | | | |
|---|---|---|---|---|
| (C) | 13 L Ed 2d | 658 | (1965) |
| (D) | 69 L Ed 2d | 40 | (1981) |

18

# EXHIBIT

11. IN CHALLENGING THE VALIDITY OF A STATUTE UNDER CONSTITUTIONAL EQUAL PROTECTION PRINCIPALS, A CLAIM OF ARBITRARINESS CANNOT REST SOLELY ON THE STATUTES LACK OF UNIFORM GEOGRAPHIC IMPACT. SEE; SCHUMACHER V. WILLIAMS 107 WN. APP. 793 (2001)

IN DETERMINING THE LEGISLATIVE INTENT OF AN AMBIGUOUS STATUTE, A COURT MAY CONSIDER THE STATUTES LEGISLATIVE HISTORY.

COURTS ⚖ 103.5--CONGRESSIONAL POLICY DETERMINATIONS --WISDOM--JUDICIAL REVIEW.

13. A FEDERAL DISTRICT COURT EXCEEDS IT PROPER ROLE WHEN, IN THE VALIDITY OF A STATUTE, IT ESSENTIALLY ACTS) AS A "SUPER LEGISLATURE)" PASSING ON THE WISDOM OF CONGRESSIONAL POLICY DETERMINATIONS.

JONES V. HELMS; (E):

CONSTITUTIONAL LAW ⚖ 313--EQUAL PROTECTION --IMPARTIALITY REQUIREMENT.

6. THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT ANNOUNCES THE FUNDAMENTAL PRINCIPAL THAT A STATE MUST GOVERN, IMPARTIALLY: GENERAL RULES THAT APPLY EVENHANDEDLY TO ALL PERSONS WITHIN THE JURISDICTION UNQUESTIONABLY COMPLY WITH THIS PRINCIPAL.

(E). 69 L ED 2d 118 (1981)

19

# EXHIBIT

CONSTITUTIONAL LAW § 313 -- EQUAL PROTECTION -- CHALLENGES TO CLASSIFICATIONS.

1.    THE EQUAL PROTECTION CLAUSE OF THE FOUR-TEENTH AMENDMENT PROVIDES A BASIS FOR CHALLENGING LEGISLATIVE CLASSIFICATIONS THAT TREAT ONE GROUP OF PERSONS AS "(INFERIOR OR SUPERIOR)" TO OTHERS, & FOR CONTENDING THAT GENERAL RULES APPLIED IN AN "(ARBITRARY OR DISCRIMINATORY WAY)."

U.S. V. TURKETTE ; (E):

STATUTES § 164 -- CONSTRUCTION -- LANGUAGE.

2.    IN DETERMINING THE SCOPE OF A STATUTE, THE U.S. SUPREME COURT WILL LOOK FIRST TO ITS LANGUAGE.

STATUTES § 83 -- CONSTRUCTION -- ABSENCE OF AMBIGUITY.

3.    IF THE STATUTORY LANGUAGE IS UNAMBIGUOUS, IN THE ABSENCE OF A CLEARLY EXPRESSED LEGISLATIVE INTENT TO THE CONTRARY, THAT LANGUAGE MUST ORDINARILY BE REGARDED AS CONCLUSIVE.

STATUTES §§ 82, 111, 155 CONSTRUCTION ADMINISTRATIVE CONSTRUCTION -- AVOIDING ABSURD RESULTS -- INTERNAL INCONSISTENCIES.

(F).    69 L Ed 2d   246    (1981)

20

# EXHIBIT

4. IN DETERMINING THE SCOPE OF A STATUTE, AUTHORITATIVE ADMINISTRATIVE CONSTRUCTIONS SHOULD BE GIVEN, THE DEFERENCE TO WHICH THEY ARE ENTITLED, ABSURD RESULTS ARE TO BE AVOIDED, & INCONSISTENCIES IN THE STATUTE MUST BE DEALT WITH.

TURNER V. FOUCHE; (5):

CONSTITUTIONAL LAW § 318--EQUAL PROTECT-ECTION--BASIS OF CLASSIFICATION.

10.     THE TRADITIONAL TEST FOR A DENIAL OF EQUAL PROTECTION UNDER STATE LAW IS WHETHER THE CHALLENGED CLASSIFICATION RESTS ON GROUNDS WHOLLY IRRELEVANT TO THE ACHIEVEMENT OF A VALID STATE OBJECTIVE.

COURTS § 225.5--3 JUDGE COURT--STATE STATUTE.

3.     WITH REGARD TO CONVENING A (3) JUDGE FEDERAL DISTRICT COURT UNDER 28 U.S.C. § 2281, A "(PETITION FOR INJUNCTION)" ON THE GROUND OF THE UNCONSTITUTIONALITY OF A STATE STATUTE, EITHER ON ITS FACE OR AS APPLIED, WHERE AS A PETITION SEEKING AN INJUNCTION ON THE GROUND OF THE UNCONSTITUTIONALITY OF THE RESULT OBTAINED BY THE USE OF A STATUTE NOT ATTACKED AS UN-CONSTITUTIONAL DOES NOT.

(5).     24 L ED 2d 567     (1970)

21

# EXHIBIT

LOUISIANA V. U.S. _____ 13 Led 2d _709__

AVERY V. U.S. _____ 816 Led _1616 716 U.S. 486, 489

EX PARTE BRANSFORD ___ 84 Led _1849 311 U.S. 354, 361

STRATON V. ST. LOUIS __ 75 Led 1355 282 U.S. 10, 15

EX PARTE HOBBS ____ 74 Led _357 280 U.S. 168, 172

FURTHER, THE DISTRICT COURT PROPERLY ENTER-
TAINED THE QUESTION WHETHER THE CONSTITUT-
IONAL & STATUTORY COMPLEX, EVEN IF NOT INVALID
ON ITS FACE, WAS UNCONSTITUTIONALLY ADMIN-
ISTERED.

WITH REGARD TO WHETHER THAT ISSUE WAS
ONE BY ITSELF WARRENTINE A (3) JUDGE COURT.
SEE; _ _ _ _ _ _ _ _ _ _ _ _ _ _

SWIFT & CO. V. WICKHAM __ 15 Led 2d 194, 198

IDLEWILD BON VOYAGE LIQUOR CORP V. EPSTEIN
8 Led 2d _794, 796
CH. WATER SERVICE CO. V. CITY OF REDDING 82 Led
1723 _ 304 U.S. 252, 265

EX PARTE PORESKY __ 290 U.S. 30, 32

## INDEPENDENT STATE CONSTITUTIONAL ANALYSIS

A CLAIM THAT A STATUTE VIOLATES THE ;
PRIVILEGES & IMMUNITIES CLAUSE OF WASHINGTON
STATE CONST. ART 1, § 12 IS ANALYZED AS AN ;
EQUAL PROTECTION CHALLENGE IF NO ARGUMENT
IS FOR AN ; INDEPENDENT STATE CONSTITUTIONAL
ANALYSIS ; ART 1, § 12 ., IS THE STATE COUNTER-

22

# EXHIBIT

PART TO ART IV, § 2 OF THE U.S. CONSTITUTION.

## ARGUMENT

BECAUSE THIS IS NOT A "PETITION FOR INJUNCT-ION)", BUT RATHER AN APPLICATION FOR A STAY PENDING APPEAL  SEE; 28 U.S.C. § 2101(F).; TO STAY THE ENFORCEMENT OF JUDGMENT # 011072508 KNT-4 [ORDER TERMINATING SUSPENDED SENTENCE., (60) MONTHS/ PROBATION REVOCATION] BY KING COUNTY SUPER-IOR COURT JUDGE RONALD KESSLER! BASED ON AN ERRONEOUS STATE CRIMINAL SENTENCE PURSUANT TO UNCONSTITUTIONALLY UNCERTAIN RCW 9.94A.120(7)(ii)(6)(E).

THE PETITIONER DID HOWEVER OVER THE COURSE OF HIS LITIGATION, ASK THE FEDERAL COURTS TO ISSUE AN INJUNCTION PURSUANT TO 28 U.S.C. § 2281., & BECAUSE THE PETITIONER IS NOT CHALLENGING THE CONSTITUTIONALITY OF THE STATUTE ON ITS FACE OR AS APPLIED, BUT RATHER OF THE UNCONSTITUTIONALITY OF THE; RESULTS OBTAINED BY THE USE OF THE STATUTE NOT ATTACKED AS UNCONSTITUTIONAL DOES NOT INVOKE A (3) JUDGE PANEL, BUT RATHER (1) U.S. MAGISTRATE.

## RESULTS OBTAINED BY THE USE OF THE STATUTE:

23

# EXHIBIT

## STANDING TO CHALLENGE TEST

PRONG #2). THE PARTY HAS SUFFERED AN INJURY IN FACT.

THE PETITIONER/APPLICANT HAVING TO RETURN TO WORK TO APPEASE HIS (P.U.), PROBATION OFFICER(S) ENFORCEMENT OF RCW 9.94A.120 (7)(ii)(b)(I), & THE ERRONEOUS ENFORCEMENT OF THE (J&S), JUDGMENT & SENTENCE MANDATE WHICH STATES THAT THE APPLICANT MAINTAIN EMPLOYMENT.

THIS CAUSE OF ACTION, CAUSED & CREATED THE APPLICANT TO SUFFER AN INJURY CONSTITUTING THE; SCHOCKING OF THE CONTEMPORARY CONSCIENCE PURSUANT TO THE APPLICANT(S) P.T.S.D. COORDINATOR(S) STATING THE SHOCKINGLY BAD TREATMENT OF HAVING TO RETURN TO WORK, COMPLETLY CONTRADICTORY TO THE "(NO WORK)" STATUS THE V.A. HOSPITAL HAD POSISTIONED THE APPLICANT ON.

THE APPLICANT IS CHALLENGING THE VALIDITY OF RCW 9.94A.120 (7)(ii)(b)(I) ON EQUAL PROTECTION GROUNDS EVEN THOUGH THE APPLICANTS/APPLICANT IS NOT A MEMBER OF AN EXCLUDED CLASS, HOWEVER, BECAUSE THE APPLICANT HAD AN INTEREST THAT WAS DIRECTLY AFFECTED BY A DETERMINATION OF THE STATUTES VALIDITY.

## INTERNAL INCONSISTENCIES:

IN DETERMINING THE SCOPE OF A STATUTE, SEE;

24

# EXHIBIT

U.S. V. TURKETTE 69 LEd 2d 246 (1981): AUTH-
ORITATIVE ADMINISTRATIVE CONSTRUCTIONS
SHOULD BE GIVEN, THE REFERENCE TO WHICH
THEY ARE ENTITLED, ABSURD RESULTS ARE TO
BE AVOIDED, & INCONSISTENCIES IN THE ST-
ATUTE MUST BE DEALT WITH:

EQUAL PROTECTION CHALLENGE:

    THE APPLICANT CLAIMS THAT THE STATUTE
VIOLATES THE PRIVILEGES & IMMUNITIES CLAUSE
OF WASHINGTON STATE CONST. ART 1, S12, & NOT
ONLY SHOULD BE ANALYZED AS AN: EQUAL PROT-
ECTION CHALLENGE, BUT RATHER LODGES AN ARGU-
MENT FOR AN: INDEPENDENT STATE CONSTITUTIONAL ANALYSIS:

INDEPENDENT STATE CONSTITUTIONAL ANALYSIS:

    THE APPLICANT STATES THAT HIS CASE PARALLELS
THE CASE OF U.S. V. GAINEY 13 LEd 2d 658 (1965)
CASES WHERIN A STATUTE IMPOSING A PENALITY IN
THE NATURE OF A PUNISHMENT FOR THE NONPERFORMANCE
OF THE ACT OF FALLING OUT OF COMPLIANCE PURSUANT
TO THE CONDITIONS OF PROBATION:
THE (1) PROBATION VIOLATION FOR FALLING OUT OF
COMPLIANCE WITH THE APPLICANTS SO TREATMENT PROV-
IDER DUE TO THE EMOTIONAL & PSYCOLOGICAL DIS-
ARRAY CAUSED & CREATED BY THE SCHOCKING OF THE
CONTEMPORARRY CONSCIENCE, IS ALLEGED BY THE
APPLICANT TO CONSTITUTE AN EQUAL PROTECTION

25

# EXHIBIT

CLAUSE VIOLATION, INTERUPTING ART 1 § 3.,
THE WASHINGTON STATE COUNTERPART TO THE FOUR-
TEENTH AMENDMENT OF THE U.S. CONSTITUTION.

PARTICULARITY WHY RELIEF SOUGHT IS UNAVAILABLE ELSEWHERE

#1. THE APPLICANT HAS EXHAUSTED HIS POST CON-
VICTION STATE REMEDIES IN ALL STATE COURT
FORUM(s):

#2. THE APPLICANT LOST HIS DIRECT APPEAL, & THE
WASHINGTON STATE SUPREME COURT HAS HAD
A MOTION FOR DISCRETIONARY REVIEW SUB-
MITTED TO IT BY THE WASHINGTON APPELLATE PR-
OJECT:

#3. THE APPLEANT, HAD HIS WASHINGTON STATE
WRIT OF HABEAS CORPUS (IFP) STATUS DENIED,
WHEN THE APPLICANT IS INDIGENT. THE MO-
TION FOR RECONSIDERATION WAS ALSO DENIED.

#4. THE APPLICANT(S) FEDERAL WRIT OF HABEAS
CORPUS IS IN PLACE, HOWEVER, ACCORDING
TO THE U.S. SUPREME COURT RULES HAND-
BOOK, SELDOM IS THE WRIT GRANTED.
U.S. DISTRICT COURT/ WESTERN DISTRICT CO-
URT FOR WASHINGTON AT SEATTLE., CAUSE #
8:06-CV-01525-JLR-MJB     :

#5. THE APPLICANT IS ASKING TO HAVE HIS
PROBATION RESTORED, TO STAY THE ORDER
TERMINATING THE SUSPENDED SENTENCE :

210



DEPARTMENT OF VETERANS AFFAIRS
Regional Office
Henry M. Jackson Federal Building
915 Second Avenue
Seattle WA 98174

# Exhibit [ xx ]

APR 0 5 2004

In Reply Refer To   RO 346
                    CSS

TO WHOM IT MAY CONCERN:

This is to certify the records of the U.S. Department of Veterans Affairs (VA) show that

RONALD L. BASKETT receives $84.00 monthly for the benefit(s) indicated below.

___ Compensation payments for a service-connected disability

X  Pension payments for a non-service-connected disability

___ Dependency and Indemnity Compensation payments for a service-connected death

___ Pension payments for a not-service connected death

___ Education payments for attending school

X  The veteran is permanently and totally disabled due to non-service connected d disability(ies).

In addition, VA records show:

The service connected disability is rated at _____%

The non-service connected disability is rated at 70 %

The veteran is an HONORABLE discharged veteran of the U.S. Armed Forces.

Sincerely yours,

*Robert J. King*

Robert J. King
Service Center Manager

Email us at Seattle.query@vba.va.gov

This is a true copy of the original/certified document.
The original/certified document has been returned.
VA employee:
Signature:
Position:
Date document received:   APR 0 5 2004
VARO Seattle

27


**EXHIBIT** [1]

LOG I.D. NUMBER

0704855

**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**LEVEL 1 – INITIAL GRIEVANCE**
**NIVEL 1 - QUEJA INICIAL**

| NAME: NOMBRE: | LAST APELLIDO | FIRST PRIMER NOMBRE | MIDDLE 2DO NOMBRE | DOC NUMBER NUMERO DOC | FACILITY/ FACILIDAD | UNIT/CELL UNIDAD/CELDA |
|---|---|---|---|---|---|---|
| | BASKETT | RONALD | I | 854421 | AHCC | K5 K36 |

| COMMUNITY CORRECTIONS OFFICE OFICINA DE CORRECCIONES EN LA COMUNIDAD | DATE TYPED FECHA ESCRITA | **PART B – OBTS INFORMATION INFORMACION DE OBTS** | | |
|---|---|---|---|---|
| | 3/2/07 | REMEDY/REMEDIO | RESOLUTION/RESOLUCION | PENDING/PENDIENTE |

**PART A – INITIAL GRIEVANCE/ PARTE A – QUEJA INICIAL**                     Response due/Respuesta requerida en _____

I WANT TO GRIEVE : The fact that I have been subjected to harsh treatment by DOC through their negligence and through (no) fault of my own. Refer to DOC Policy 500.000 Programming, which states in part that an offender with mental issues may be exempted from the mandatory basic skills enrollment by counselor and education staff. Because DOC made me program (50 hours) per week + homework assignments, completely contradictory to the scope of DOC Policy 500.000, my Psychologist Meri Mendelsohn PG D.Psych. 4 removed me from MSU Work Camp requiring me to have to change custody levels from MIP to MI2. She was well aware of my mental health limitations 2 months upon my removal from MIP as I informed her of the "extraordinary stress" it was causing and creating me because my typing skills won't allow me to accelerate and I will be infracted for non-performance.

SUGGESTED REMEDY : Having to return to MI2 through no negligence of my own has created psychological pain and suffering and staff has been cruel to me.

| GRIEVANCE COORDINATOR SIGNATURE FIRMA DE COORDINADOR DE QUEJAS | DATE FECHA | GRIEVANT SIGNATURE FIRMA DE QUEJANTE | DATE FECHA |
|---|---|---|---|
| | | | 03.02.07 |

**PART B – LEVEL I RESPONSE / PARTE B RESPUESTA PRIMER NIVEL**

| | | GRIEVANCE COORDINATOR SIGNATURE COOINADOR DE QUEJAS | DATE FECHA |
|---|---|---|---|

You may appeal this response by submitting a written appeal to the coordinator within two (2) working days from date this response was received. Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de dos (2) días de trabajo de la fecha en que esta respuesta fue recibida.

DOC 05-166 E/S (Rev. 10/2000) POL               **5. GRIEVANT – QUEJANTE**               DOC 550.100

# EXHIBIT

LOG I.D. NUMBER
07C4755



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**OFFENDER COMPLAINT**

CHECK ONE: ☒ INITIAL GRIEVANCE, ☐ EMERGENCY GRIEVANCE, ☐ APPEAL TO NEXT LEVEL

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the coordinator. Contact a staff member to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints/through appropriate staff before initiating a grievance.

| NAME:  LAST | FIRST | MIDDLE | DOC NUMBER |
|---|---|---|---|
| Basket | Ronald | Lee | 854421 |

| PROGRAM ASSIGNMENT | WORK HOURS | FACILITY/OFFICE | UNIT/CELL |
|---|---|---|---|
| ITE | English | 8:15-3:50 M-F  8:15-10:50 T-Th | EDUCATION | K-215 (4) |

COMMUNITY SUPERVISION: Send all completed copies of this form directly to: Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41120, Olympia WA 98504-1120

| MAILING ADDRESS    STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
|---|---|---|---|

**I WANT TO GRIEVE:** THE FACT THAT I HAVE SUBJECTED TO HARSH TREATMENT BY D.O.C. THROUGH THEIR NEGLIGENCE & THROUGH [NO] FAULT OF MY-OWN. RE-FER TO D.O.C. POLICY 500.000 PROGRAMMING; WHICH STATES IN PART THAT AN OFFENDER WITH MENTAL ISSUES may be EXEMPTED FROM THE MANDATORY BASIC SKILLS ENROLLMENT by COUNSELOR & EDUCATION STAFF. BECAUSE D.O.C. MADE ME PROGRAM (50 HRS) PER WEEK + HOMEWORK ASSIGNMENTS, COMPLETELY CONTRADICTORY TO THE SCOPE OF D.O.C. POLICY 500.000, my Psychologist MERI MENDELSOHN PS.D/ISY & REMOVED ME FROM MSU WORK (AND RE-QUIRING ME TO HAVE TO CHANGE CUSTODY LEVEL(S) FROM MI(P) HOME (3)

**SUGGESTED REMEDY:** SHE WAS WELL AWARE OF MY MENTAL HEALTH LIM-HAVING TO RETURN TO STATIONS (2) MONTHS UPON MY RE-MOVAL FROM MI(3) THROUGH NO ME MI(P), AS I INFORMED HER OF THE "(EXTRAORDINARY LINGENCE OF MY OWN MILITARY STRESS)" ITE WAS [CAUSING & CREATING]" CREATED [PSYCHOLOGICAL ME BECAUSE MY TYPING SKILLS, WON'T ALLOW ME TO PAIN & SUFFERING, & ACCELERATE & WILL BE INFLICTED FOR NON-PERFORMANCE] STAFF HAS BEEN CRUEL TO ME;

**MANDATORY SIGNATURE** Ronald Basket    **DATE** 02.27.07

---

**GRIEVANCE COORDINATOR'S RESPONSE:**

Your complaint is being returned because:

☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____
☐ The formal grievance/appeal paperwork is being prepared.

| LOCATION CODE | DATE RECEIVED |
|---|---|
| P01 | 3/1/07 |

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting is needed.
(See below.) Return within five (5) days or by:
Due Date: _____
☐ No rewrite received. Date: _____

**EXPLANATION:**

---

| INITIAL COMPLAINT OBTS INFORMATION | | | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | | |
| 01 | 50 | 527 | 0/3 08 | 09 | | 3/2 | Reicher |

DOC 05-165 (Rev. 01/21/05) OCO / POL    **3.    GRIEVANT**    DOC 550.100

29

## GRIEVABLE AND NONGRIEVABLE ITEMS

**GRIEVABLE ITEMS: Individuals confined in an institution or work release facility, or who are under community supervision, may grieve the following, when applicable to their place of confinement or conditions of supervision and when the incident or issue affects them personally:**

1. Policies, rules, and procedures enforced within the facility, community corrections office or the Department of Corrections;
2. Application of policies, rules, and procedures;
3. Lack of a policy, rule, or procedure which directly affects the living conditions of the offender;
4. Actions of employees, contract staff, or volunteers over which the facility or supervising office has jurisdiction;
5. Actions of other offenders; and
6. Retaliation against the grievant for his/her goodfaith participation in the grievance program.

**NONGRIEVABLE ITEMS: The following items are NOT grievable:**
1. State and federal law (includes RCW and WAC);
2. Court actions and decisions;
3. Indeterminate Sentence Review Board actions and decisions;
4. Pre-sentence Investigation (PSI) reports;
5. Community Corrections Officers' recommendations to the Court and/or the Indeterminate Sentence Review Board;
6. Application of special conditions imposed by a Community Corrections Officer in accordance with department policy;
7. Actions of persons not under the jurisdiction of the facility or community corrections office to which the offender is confined/assigned;
8. Administrative Segregation Hearings actions and decisions;
9. Classification decisions and those issues <u>requiring</u> action through the classification process such as transfer, custody promotion/demotion, and so forth (grievance coordinators will refer such issues to the appropriate counselor, Unit Team, etc.);
10. Infractions and disciplinary actions and decisions;
11. Department of Natural Resources (DNR) policies and procedures are not grievable as DOC has no authority in such matters. Grievance coordinators should refer complaints on such issues to the local DNR administrator. Formal conduct grievances <u>may</u> be pursued against DNR staff only in the most flagrant cases, such as physical or sexual abuse, or sexual harassment. Formal conduct grievances shall be investigated jointly by the DOC superintendent and the DNR local administrator. Corrective actions against DNR staff are the responsibility of DNR administrators. Grievance coordinators will discuss the issue with the Grievance Program Manager <u>prior</u> to initiating any formal conduct grievance against DNR staff; and
12. Any process that has a formalized appeal or review procedure built into it which has been approved by the Grievance Program Manager prior to its use to reject complaints as nongrievable. Items already approved include:
    a. Rejection of incoming or outgoing mail and packages (Prisons and Pre-Release facilities ONLY). WAC 137-48 provides a formalized avenue of appeal;
    b. Denial of information through the public disclosure process. WAC 137-08-140 establishes an appeal process;
    c. Grievance and appeal responses. The contents of a grievance/appeal response, and the investigator/respondent, may NOT be grieved as the grievant may address his/her concerns regarding a response in an appeal to the next level of review;
    d. Determination by a grievance coordinator that a complaint is not grievable, as that decision is appealable to the Grievance Program Manager;
    e. Staff may not be grieved for writing an infraction or causing an infraction to be written, as the matter will be adjudicated through the disciplinary process in accordance with WAC; and
    f. A superintendent, facility supervisor, or regional administrator may not be grieved for his/her decision to designate an offender as an abuser of the Offender Grievance Program or restricting that offender's access to the grievance mechanism. Those decisions are automatically reviewed by designated administrators.

DOC written policy and written procedure governing these nongrievable issues MAY be challenged through the grievance process.

Note: Limit each complaint form to only <u>one</u> issue or incident.



**EXHIBIT**

EXIBIT [pp]

**STATE OF WASHINGTON**

# OFFICE OF FINANCIAL MANAGEMENT

RISK MANAGEMENT DIVISION

*300 General Administration Bldg • PO Box 41027, Olympia, WA 98504-1027*
*(360) 902-7303 • Fax (360) 586-1789 • www.ofm.wa.gov*

January 25, 2007

Ronald Baskett 854421
Airway Heights Corr Center
PO Box 1899
Airway Heights, WA 99001-1899

**Subject: Tort Claim No. 90050024**

Dear Mr. Baskett:

The Office of Financial Management, Risk Management Division, has received and reviewed the tort claim you submitted against the State of Washington, which was received on 01/18/06. However, we are unable to compensate you for your alleged injuries, for the following reasons.

Within your claim, you named a county employee, you addressed court procedures, and indctaed you were not afforded your due process rights, while being sentenced by the court.

In a long line of cases, the United States Supreme Court has held that judges are immune from liability, for damages or acts committed within the their judicial discretion (Pierson v. Ray, 386 U.S. 547 (1967)). In addition, as King County is not a state entity you must file this claim directly with them in accordance with the provisions of RCW 4.96 et al.

1

31

# EXHIBIT

The review has not indicated negligence or tortious activities on the part of the state. Therefore, your claim against the State of Washington must be denied. In addition, this acknowledgment does not constitute a review of the legal adequacy of your claim, nor should it be construed as waiver of any deficiencies that may exist.

Sincerely,

Brian M. Agar
Investigator Coordinator

2

32

# EXHIBIT

EXIBIT [qq]



**STATE OF WASHINGTON**

## OFFICE OF FINANCIAL MANAGEMENT

RISK MANAGEMENT DIVISION

February 01, 2007 *300 General Administration Bldg • PO Box 41027, Olympia, WA 98504-1027*
*(360) 902-7303 • Fax (360) 586-1789 • www.ofm.wa.gov*

RONALD BASKETT 854421
AIRWAY HEIGHTS CORR CENTER
PO BOX 2079
AIRWAY HEIGHTS, WA 99001

TO:  RONALD BASKETT 854421

SUBJECT:    Claim # 31061288

The Office of Financial Management, Risk Management Division, received the claim you filed on Jan 31, 2007.

This acknowledgement does not constitute a review of the legal adequacy of your claim nor should it be construed as a waiver of any deficiencies that may exist.

Because this is a bodily injury claim, a review of medical records dealing with this incident must be accomplished.  As such, enclosed is a medical authorization for your signature.  Please provide a list of medical personnel who provided treatment to you along with the signed medical authorization to the address as shown above.  As soon as the authorization is received, the investigation can proceed.

If you have any additional information or documents that might support your allegations, please forward them as soon as possible.  Any further correspondence or inquiries you may have regarding this claim should be addressed to Brian Agar, Senior Tort Claims Investigator, (360) 902-7316.

33

 **[ B ]**

LOG I.D. NUMBER
06 0479G

 **STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

# EXHIBIT **[A]**

**LEVEL 1 – INITIAL GRIEVANCE**
**NIVEL 1 - QUEJA INICIAL**

| NAME:<br>NOMBRE: | LAST<br>APELLIDO | FIRST<br>PRIMER NOMBRE | MIDDLE<br>2DO NOMBRE | DOC NUMBER<br>NUMERO DOC | FACILITY/ FACILIDAD | UNIT/CELL<br>UNIDAD/CELDA |
|---|---|---|---|---|---|---|
| Haskel— | Ronald | | | 854421 | TRU | C418 |

| COMMUNITY CORRECTIONS OFFICE<br>OFICINA DE CORRECCIONES EN LA COMUNIDAD | DATE TYPED<br>FECHA ESCRITA<br>3/3/06 | PART B – DBTS INFORMATION INFORMACION DE DBTS | | |
|---|---|---|---|---|
| | | REMEDY/REMEDIO | RESOLUTION/RESOLUCION | PENDING/PENDIENTE |

**PART A – INITIAL GRIEVANCE/ PARTE A – QUEJA INICIAL**          Response due/Respuesta requerida en _____

I WANT TO GRIEVE: [Pursuant to DOC 540.000] it an emergency medical [enough]. As of this drafting, my P.T.S.D. has now gone (350) days without any treatment/rehabilitation. Prior to 02.22.2005, I was actively/currently involved in intensive outpatient P.T.S.D. treatment/rehabilitation at the Puget sound V.A. health care hospital 1660 Columbia Way S. Seattle, Wa., & on 01-31-2006, I asked Dr. Robert Cashard for help! Because I am attempting/pleading now, that my [cry for help] went by the wayside pursuant to DOC 540.000 because Twin Rivers does not treat or medicate for P.T.S.D., they have the option to contract with an outside vendor, &/or send me to the V.A. hospital, neither of which they did.

SUGGESTED REMEDY: Send me to the V.A. hospital now, as this is an "[emergency/needs at]. Any delay in this urgent request, will only constitute [deliberate indifference]. Honor my plea, & give me the opportunity to try to [salvage] what left of my mental health, if indeed, its not already to late: [the symptoms have returned].

| GRIEVANCE COORDINATOR SIGNATURE<br>FIRMA DE COORDINADOR DE QUEJAS | DATE<br>FECHA | GRIEVANT SIGNATURE<br>FIRMA DE QUEJANTE | DATE<br>FECHA |
|---|---|---|---|
| | | | |

**PART B – LEVEL I RESPONSE / PARTE B RESPUESTA PRIMER NIVEL**

34

| | GRIEVANCE COORDINATOR SIGNATURE<br>COOINADOR DE QUEJAS | DATE<br>FECHA |
|---|---|---|

You may appeal this response by submitting a written appeal to the coordinator within two (2) working days from date this response was received.
Ud. Puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de dos (2) días de trabajo de la fecha en que esta respuesta fue recibida.

DOC 05-166 E/S (Rev. 10/2000) POL   **5. GRIEVANT – QUEJANTE**                    DOC 550.100

# EXHIBIT [B]

~~Re/Write~~

LOG I.D. NUMBER
06-07204



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**OFFENDER COMPLAINT**

CHECK ONE: ☐ INITIAL GRIEVANCE, ☐ EMERGENCY GRIEVANCE, ☐ APPEAL TO NEXT LEVEL

RESIDENTIAL FACILITIES: Send all completed copies of this form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the coordinator. Contact a staff member to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

| NAME: LAST | FIRST | MIDDLE | DOC NUMBER |
|---|---|---|---|
| BASKET | RONALD | LEE | 854421 |

| PROGRAM ASSIGNMENT | WORK HOURS | FACILITY/OFFICE | UNIT/CELL |
|---|---|---|---|
| N.A. | N.A. | N.A. | C518² |

COMMUNITY SUPERVISION: Send all completed copies of this form directly to: Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
|---|---|---|---|
| | | | |

**I WANT TO GRIEVE:** IMPORTANT INFORMATION THAT I FELT DR. CARSRUD OMITTED, FROM HIS REPORT TO THE "OFFICE OF THE ATTORNEY GENERAL" (DR. OF PSYDOLOGY AT TRU) RE: CARSRUD THE REPORTIS REGARDING FEEDBACK THAT IS/HAS CREATED "THE OFFICE OF THE ATTORNEY GENERAL" TO BAR HIS [PRP] PERSONAL RESTRAINT PETITION, STATING THAT THE [PRP] IS ATTACKING THE "CONDITIONS OF CONFINEMENT", AS OPPOSED TO THE (3) GROUNDS ATTACKING HIS "PROBATION REVOCATION" (STATE OF MIND) AT REVOCATION:
OMITTED INFORMATION AS FOLLOWS:
#1. GOING OFF MY MEDICATIONS IN HOPES OF PROCEEDING TO WORK CAMP AFTER SHELTON WAS NOT SUCH A HARD DECISION TO MAKE CONSIDERING THE FACT THAT THEY WERE THE WRONG MEDICATIONS TO BEGIN WITH!

**SUGGESTED REMEDY:** HAVE DR. CARSRUD RE-ISSUE A STATEMENT TO THE OFFICE OF THE A.G., INCLUDING THIS INFO IN HIS REPORT:

MANDATORY
SIGNATURE: *Ronald Basket*    DATE: 03.31.06.

---

## GRIEVANCE COORDINATOR'S RESPONSE

| LOCATION CODE | D02 | DATE RECEIVED 4-3-06 |
|---|---|---|

Your complaint is being returned because:

☒ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____
☒ The formal grievance/appeal paperwork is being prepared.

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting is needed.
(See below.) Return within five (5) days or by:
Due Date: _____
☐ No rewrite received. Date: _____

**EXPLANATION:** The document you are alleging is incorrect in a 'Declaration of Robert Carsrud, Ps.D.' ~~for~~ to the Court of Appeals Div.t. This not grievable – You must address through the courts.

| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|
| 01 | 50 | 527 | 631 | 08 | ~~00~~ 08 | 4-3-06 | *Virginia Hull* |

INITIAL COMPLAINT DBTS INFORMATION



# EXHIBIT [c]

LOG I.D. NUMBER

**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**APPEAL TO LEVEL II**
**APELACIÓN AL 2DO NIVEL**

| NAME: NOMBRE- | LAST APELLIDO | FIRST PRIMER NOMBRE | MIDDLE 2DO NOMBRE | DOC NUMBER NUMERO DOC | FACILITY/ FACILIDAD | UNIT/CELL UNIDAD/CELDA |
|---|---|---|---|---|---|---|
| | | Ronald | | 664421 | TRU | C616 |

| COMMUNITY CORRECTIONS OFFICE OFICINA DE CORRECCIONES EN LA COMUNIDAD | DATE TYPED FECHA ESCRITA 4/1/200 | PART B – OBTS INFORMATION INFORMACIÓN DE OBTS | | |
|---|---|---|---|---|
| | | REMEDY/REMEDIO | RESOLUTION/RESOLUCION | PENDING/PENDIENTE |

**PART A – APPEAL TO LEVEL II/PARTE A – APPELACIÓN AL 2DO NIVEL**       Response due/Respuesta requierida en

**WANT TO GRIEVE:** Feedback pertaining to level I response: If Dr. Caravad "acted in good faith" then that's between "him & god". My concern is not whether he "did or didn't", but rather "my duty" to pursue the help that I need! The criteria that I read in DOC 340.000 appears as though I qualify, yet DOC institution that I didn't per their agend which is not specified in policy.

**SUGGESTED REMEDY:** That the "void for vagueness doctrine" be applied to DOC 340.000.

/S/ Ronald Beckett

| GRIEVANCE COORDINATOR SIGNATURE FIRMA DE COORDINADOR DE QUEJAS | DATE FECHA | GRIEVANT SIGNATURE FIRMA DE QUEJANTE | DATE FECHA |
|---|---|---|---|

**PART B – LEVEL II RESPONSE / PARTE B RESPUESTA 2DO NIVEL**

| SUPERINTENDENT, WORK RELEASE SUPERVISOR, FIELD ADMINISTRATOR SIGNATURE SUPERINTENDENTE, | DATE FECHA |
|---|---|

You may appeal this response by submitting a written appeal to the coordinator within two (2) working days from date this response was received.
Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de dos (2) días de trabajo de la fecha en que esta respuesta fue recibida.

DOC 05-168 E/S (Rev. 10/2006) POL      **5. GRIEVANT – QUEJANTE**      DOC 550.100

36

# EXHIBIT [D]



**LOG I.D. NUMBER**
**06-08612**

**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**LEVEL 1 – INITIAL GRIEVANCE**
**NIVEL 1 - QUEJA INICIAL**

| NAME: | LAST | FIRST | MIDDLE | DOC NUMBER | FACILITY/ FACILIDAD | UNIT/CELL |
|-------|------|-------|--------|-----------|---------------------|-----------|
| NOMBRE: | APELLIDO | PRIMER NOMBRE | 2DO NOMBRE | NUMERO DOC | | UNIDAD/CELDA |
| **Baskett** | | **Ronald** | | **854421** | **TRU** | **C518** |

| COMMUNITY CORRECTIONS OFFICE | DATE TYPED | PART B – OBTS INFORMATION INFORMACION DE OBTS | | |
|------------------------------|------------|----------------------------------------------|--|--|
| OFICINA DE CORRECCIONES EN LA COMUNIDAD | FECHA ESCRITA | REMEDY/REMEDIO | RESOLUTION/RESOLUCION | PENDING/PENDIENTE |
| | **4/19/06** | | | |

**PART A – INITIAL GRIEVANCE/ PARTE A – QUEJA INICIAL**                 Response due/Respuesta requerida en _____

**I WANT TO GRIEVE:** On "<u>Easter Sunday</u>" 04-16-06, at approximately 5:25<u>pm</u> in the south chow hall the C/O working at the chow line, told me that my "<u>cross</u>" (medallion) as he referred to it as, had to be tucked inside my T-shirt. I was wearing my state issue jacket, zipped up, collar up, & "<u>my cross</u>" was inside my jacket. This violates my "<u>religious freedom</u>" pursuant to <u>MCC 560.200 & DOC 740.010</u> because I am a Christian & am called to be light in a dark world, this is my witnessing tool, as my "<u>mental deficiency</u>" negates my being able to always express myself verbally & spiritually. This act violates my moral spiritual, ethical & social concerns.

**SUGGESTED REMEDY:** Let me wear my cross without scrutiny.

| _Virgin Hewitt_ 4-20 06 | X _Ronald R. Baskett_ |
|---|---|
| GRIEVANCE COORDINATOR SIGNATURE          DATE | GRIEVANT SIGNATURE          DATE |
| FIRMA DE COORDINADOR DE QUEJAS          FECHA | FIRMA DE QUEJANTE          FECHA |

**PART B – LEVEL I RESPONSE / PARTE B RESPUESTA PRIMER NIVEL**

Per MCC 560.200 page 3, section IV.A.1. states, "Any religious or sacred item worn around the neck or the wrist, authorized by the DOC Religious Property Matrix, must be worn inside the offender's clothing." (copy enclosed) DOC 560.210 page 3, section I.F.1. states, "Amulets, crosses, crucifixes, medallions, scapulars, talismans, medicine bags, and any other religious or sacred item worn around the neck or wrist will be worn inside the offender's clothing, except during religious programs or services when they may worn outside the clothing.  1.a. Only one item may be worn at any given time. 1.b. There will be no multiple items on a single necklace." (copy enclosed)

MCC-TRU is and will continue to adhere to policy.  You will be required to wear your cross in accordance with policy.

| _Virgin Hewitt_ 4-20-06 |
|---|
| GRIEVANCE COORDINATOR SIGNATURE          DATE |
| COOINADOR DE QUEJAS          FECHA |

You may appeal this response by submitting a written appeal to the coordinator within two (2) working days from date this response was received.
Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de dos (2) días de trabajo de la fecha en que esta respuesta fue recibida.

DOC 05-166 E/S (Rev. 10/2000) POL          **3. GRIEVANT – QUEJANTE**           DOC 550.100

# EXHIBIT [E]



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**LOG I.D. NUMBER**
06-15276

**OFFENDER COMPLAINT**

CHECK ONE: ☒ INITIAL GRIEVANCE, ☐ EMERGENCY GRIEVANCE, ☐ APPEAL TO NEXT LEVEL

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the coordinator. Contact a staff member to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

| NAME: LAST | FIRST | MIDDLE | DOC NUMBER |
|---|---|---|---|
| BASKET Kanalo | LEE | | 854421 |

| PROGRAM ASSIGNMENT | WORK HOURS | FACILITY/OFFICE | UNIT/CELL |
|---|---|---|---|
| G.E.D | 7:4c 3:7A M/F | EDUCATION | C318.2 |

**COMMUNITY SUPERVISION:** Send all completed copies of this form directly to Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

**I WANT TO GRIEVE:** THE T.B SHOT THAT I TRIED TO DISPUTE & WAS TOLD BY THE INFIRMARY THAT THE T.B. SHOT IS MANDITORY: PURSUANT TO D.O.C. POLICY 670.030 MANDATES THAT IT IS NOT MANDITORY. GRANTED, ONE THAT TESTED POSITIVE WOULD BE QUARANTEENED HOW-EVER IS NOT MANDITORY. WHEN CO IDE BRYAN TOLD ME THAT THE T.B. SHOT IS MANDITORY, HE IS THEREFORE SUBJECTING HIMSELF TO A LIABILITY STATEMENT. BECAUSE D.O.C. IS NOT TREAT-ING my P.T.S.D., & my SYMPTOM(s) MANIFEST THEMSELVES THAT IF/WHEN I BELIEVE THAT THEY MAY BE TRYING TO HARM ME, WHETHER OR NOT THEY ARE, IS EN-OUGH.

**SUGGESTED REMEDY:** PROVIDE TRAINING TO D.O.C. STAFF THAT THEY DON'T CONVEY SOMETHING TO BE D.O.C. POLICY WHEN IT IS NOT.

MANDATORY

SIGNATURE: Kanal B.Lee    DATE: 07.18.2006.

---

## GRIEVANCE COORDINATOR'S RESPONSE

LOCATION CODE: D02    DATE RECEIVED: 7-19-06

Your complaint is being returned because:
- ☐ It is not a grievable issue.
- ☐ You requested to withdraw the complaint.
- ☐ You failed to respond to callout sheet on _____
- ☒ The formal grievance/appeal paperwork is being prepared.

- ☐ The complaint was resolved informally.
- ☐ Additional information and/or rewriting is needed. (See below.) Return within five (5) days or by:
  Due Date: _____
- ☐ No rewrite received. Date: _____

**EXPLANATION:**

---

| INITIAL COMPLAINT CODES INFORMATION | | | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | | |
| 06 | 02 | SIS | 732 | 06 | 02 | 7/19/06 | |

DOC 05-165 (Rev. 01/21/05) CC01 POL 3.    **GRIEVANT**    DOC 550.100

## GRIEVABLE AND NONGRIEVABLE ITEMS

**GRIEVABLE ITEMS: Individuals confined in an institution or work release facility, or who are under community supervision, may grieve the following, when applicable to their place of confinement or conditions of supervision and when the incident or issue affects them personally:**

1. Policies, rules, and procedures enforced within the facility, community corrections office or the Department of Corrections;
2. Application of policies, rules, and procedures;
3. Lack of a policy, rule, or procedure which directly affects the living conditions of the offender;
4. Actions of employees, contract staff, or volunteers over which the facility or supervising office has jurisdiction;
5. Actions of other offenders; and
6. Retaliation against the grievant for his/her goodfaith participation in the grievance program.

**NONGRIEVABLE ITEMS: The following items are NOT grievable:**
1. State and federal law (includes RCW and WAC);
2. Court actions and decisions;
3. Indeterminate Sentence Review Board actions and decisions;
4. Pre-sentence Investigation (PSI) reports;
5. Community Corrections Officers' recommendations to the Court and/or the Indeterminate Sentence Review Board;
6. Application of special conditions imposed by a Community Corrections Officer in accordance with department policy;
7. Actions of persons not under the jurisdiction of the facility or community corrections office to which the offender is confined/assigned;
8. Administrative Segregation Hearings actions and decisions;
9. Classification decisions and those issues <u>requiring</u> action through the classification process such as transfer, custody promotion/demotion, and so forth (grievance coordinators will refer such issues to the appropriate counselor, Unit Team, etc.);
10. Infractions and disciplinary actions and decisions;
11. Department of Natural Resources (DNR) policies and procedures are not grievable as DOC has no authority in such matters. Grievance coordinators should refer complaints on such issues to the local DNR administrator. Formal conduct grievances <u>may</u> be pursued against DNR staff only in the most flagrant cases, such as physical or sexual abuse, or sexual harassment. Formal conduct grievances shall be investigated jointly by the DOC superintendent and the DNR local administrator. Corrective actions against DNR staff are the responsibility of DNR administrators. Grievance coordinators will discuss the issue with the Grievance Program Manager <u>prior</u> to initiating any formal conduct grievance against DNR staff; and
12. Any process that has a formalized appeal or review procedure built into it which has been approved by the Grievance Program Manager prior to its use to reject complaints as nongrievable. Items already approved include:
    a. Rejection of incoming or outgoing mail and packages (Prisons and Pre-Release facilities ONLY). WAC 137-48 provides a formalized avenue of appeal;
    b. Denial of information through the public disclosure process. WAC 137-08-140 establishes an appeal process;
    c. Grievance and appeal responses. The contents of a grievance/appeal response, and the investigator/respondent, may NOT be grieved as the grievant may address his/her concerns regarding a response in an appeal to the next level of review;
    d. Determination by a grievance coordinator that a complaint is not grievable, as that decision is appealable to the Grievance Program Manager;
    e. Staff may not be grieved for writing an infraction or causing an infraction to be written, as the matter will be adjudicated through the disciplinary process in accordance with WAC; and
    f. A superintendent, facility supervisor, or regional administrator may not be grieved for his/her decision to designate an offender as an abuser of the Offender Grievance Program or restricting that offender's access to the grievance mechanism. Those decisions are automatically reviewed by designated administrators.

DOC written policy and written procedure governing these nongrievable issues MAY be challenged through the grievance process.

Note: Limit each complaint form to only <u>one</u> issue or incident.



**EXIBIT [O] [G]**

# EXHIBIT

LOG I.D. NUMBER
06-18570



**STATE OF WASHINGTON
DEPARTMENT OF CORRECTIONS**

**OFFENDER COMPLAINT**

CHECK ONE: ☐ INITIAL GRIEVANCE, ☑ EMERGENCY GRIEVANCE, ☐ APPEAL TO NEXT LEVEL

RESIDENTIAL FACILITIES: Send all completed copies of this form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the coordinator. Contact a staff member to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

| NAME:   LAST | FIRST | MIDDLE | DOC NUMBER |
|---|---|---|---|
| Baskett, Ronald Lee | | | 854421 |

| PROGRAM ASSIGNMENT | WORK HOURS | FACILITY/OFFICE | UNIT/CELL |
|---|---|---|---|
| g.e.d. | 7:30/10:30 | Education / tru | C-518 |



COMMUNITY SUPERVISION: Send all completed copies of this form directly to Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS:   STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
|---|---|---|---|

I WANT TO GRIEVE: My Counselor, Mr Letherbury., CO(2); I Have Been At TRU, Twin Rivers Corrections Center Since 00.28.2005., Approx (10) Months, & I Have Been Working Extremely Hard At Proceeding To MI(2) Work Camp. I Am Currently In The Process Of My (6) Month Review, & Letherbury Set A [ Unit Team ] Date Of Sept 6, 2006. The Folling Day, Letherbury Retracted The Unit Team Date.

I Have Been A S/O(1) For 3.5 Years, & Letherbury Is Telling Me That Because He/d.o.c. Does [NOT] Know What Level I Am, It Is A [BAR] To MI(2)/Work Camp! I Refuse To Believe That His Computor Does Not Show That Information!

Under My New Conviction, I Am [NOT] Treatment Mandated To Attend sotp, Yet Letherbury Is Subjecting Me To [Extreme Stress] To Attend! At This Point, Please Transfer Me To Another MI(3) Unit, For The Following Other Reasons!

#1.  I Understand That The Homo-Sexual/Bi-Sexual/Snith Rate In sotp [ Could ] Be As High As 60%!

#2.  These Issues Are Past Military Triggers For Me

SUGGESTED REMEDY: I Have Un-Treated Bi-Polar, Uni-Polar, & P.T.S.D., & Please Transfer Me Immediately!

MANDATORY                 09.01.2006.
SIGNATURE _Ronald L. Baskett_          DATE

---

**GRIEVANCE COORDINATOR'S RESPONSE**

| LOCATION CODE | DATE RECEIVED |
|---|---|

Your complaint is being returned because:

☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____
☐ The formal grievance/appeal paperwork is being prepared.

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting is needed.
(See below.)  Return within five (5) days or by:
Due Date: _____
☐ No rewrite received. Date: _____

EXPLANATION: _____

---

| INITIAL COMPLAINT OGTO INFORMATION | | | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | | |



EXHIBIT [O] [G]

# EXHIBIT

| LOG I.D. NUMBER |
| --- |
| 06-1857A |



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**OFFENDER COMPLAINT**

CHECK ONE: ☐ INITIAL GRIEVANCE, ☑ EMERGENCY GRIEVANCE, ☐ APPEAL TO NEXT LEVEL

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the coordinator. Contact a staff member to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

| NAME: LAST | FIRST | MIDDLE | DOC NUMBER |
| --- | --- | --- | --- |
| Baskett, Ronald Lee | | | 854421 |
| PROGRAM ASSIGNMENT | WORK HOURS | FACILITY/OFFICE | UNIT/CELL |
| g.e.d. | 7:30/10:30 | Education / tru | C-518 |

MAILING ADDRESS:    STREET OR P.O. BOX         CITY, STATE         ZIP CODE         TELEPHONE NUMBER

I WANT TO GRIEVE:    My Counselor, Mr Letherbury., CO(2); I Have Been At TRU,
Twin Rivers Corrections Center Since 00.28.2005., Approx (10) Mon
ths, & I Have Been Working Extremely Hard At Proceeding To MI(2)
Work Camp. I Am Currently In The Process Of My (6) Month Review,
& Letherbury Set A [ Unit Team ] Date Of Sept 6, 2006. The Follin
g Day, Letherbury Retracted The Unit Team Date.
    I Have Been A S/O(1) Fom 3.5 Years, & Letherbury Is Tell
ing Me That Because He/d.o.c. Does [NOT] Know What Level I Am, It
Is A [BAR] To MI(2)/Work Camp! I Refuse To Believe That His Compu
tor Does Not Show That Information!
    Under My New Conviction, I Am [NOT] Treatment Mandated T
o Attend sotp, Yet Letherbury Is Subjecting Me To [Extreme Stress

SUGGESTED REMEDY:    To Attend] At This Point, Please Transfer Me To Ano
I Have Un-Treat ther MI(3) Unit, For The Following Other Reasons!
ed Bi-Polar,  #1.  I Understand That The Homo-Sexual/Bi-Sexual/Sm
Uni-Polar, &      ith Rate In sotp [ Could ] Be As High As 60%!
P.T.S.D., & P  #2.  These Issues Are Past Military Triggers For Me
lease Transfe              09.01.2006.
r Me Immediat
ely!

| MANDATORY | 09.01.2006. |
| --- | --- |
| SIGNATURE _Ronald L. Baskett_ | DATE |

## GRIEVANCE COORDINATOR'S RESPONSE

| | LOCATION CODE | DATE RECEIVED |
| --- | --- | --- |

Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____
☐ The formal grievance/appeal paperwork is being prepared.

☑ The complaint was resolved informally.
☐ Additional information and/or rewriting is needed.
(See below.) Return within five (5) days or by:
Due Date: _____
☐ No rewrite received. Date: _____

EXPLANATION: _____

| | | | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
| --- | --- | --- | --- | --- | --- | --- | --- |
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | | |

DOC 05-165 (Rev 01/21/05) OCO / POL    **3.**    **GRIEVANT**                    DOC 550.100



448/20

## GRIEVABLE AND NONGRIEVABLE ITEMS

**GRIEVABLE ITEMS: Individuals confined in an institution or work release facility, or who are under community supervision, may grieve the following, when applicable to their place of confinement or conditions of supervision and when the incident or issue affects them personally:**

1. Policies, rules, and procedures enforced within the facility, community corrections office or the Department of Corrections;
2. Application of policies, rules, and procedures;
3. Lack of a policy, rule, or procedure which directly affects the living conditions of the offender;
4. Actions of employees, contract staff, or volunteers over which the facility or supervising office has jurisdiction;
5. Actions of other offenders; and
6. Retaliation against the grievant for his/her goodfaith participation in the grievance program.

**NONGRIEVABLE ITEMS: The following items are NOT grievable:**
1. State and federal law (includes RCW and WAC);
2. Court actions and decisions;
3. Indeterminate Sentence Review Board actions and decisions;
4. Pre-sentence Investigation (PSI) reports;
5. Community Corrections Officers' recommendations to the Court and/or the Indeterminate Sentence Review Board;
6. Application of special conditions imposed by a Community Corrections Officer in accordance with department policy;
7. Actions of persons not under the jurisdiction of the facility or community corrections office to which the offender is confined/assigned;
8. Administrative Segregation Hearings actions and decisions;
9. Classification decisions and those issues <u>requiring</u> action through the classification process such as transfer, custody promotion/demotion, and so forth (grievance coordinators will refer such issues to the appropriate counselor, Unit Team, etc.);
10. Infractions and disciplinary actions and decisions;
11. Department of Natural Resources (DNR) policies and procedures are not grievable as DOC has no authority in such matters. Grievance coordinators should refer complaints on such issues to the local DNR administrator. Formal conduct grievances <u>may</u> be pursued against DNR staff only in the most flagrant cases, such as physical or sexual abuse, or sexual harassment. Formal conduct grievances shall be investigated jointly by the DOC superintendent and the DNR local administrator. Corrective actions against DNR staff are the responsibility of DNR administrators. Grievance coordinators will discuss the issue with the Grievance Program Manager <u>prior</u> to initiating any formal conduct grievance against DNR staff; and
12. Any process that has a formalized appeal or review procedure built into it which has been approved by the Grievance Program Manager prior to its use to reject complaints as nongrievable. Items already approved include:
    a. Rejection of incoming or outgoing mail and packages (Prisons and Pre-Release facilities ONLY). WAC 137-48 provides a formalized avenue of appeal;
    b. Denial of information through the public disclosure process. WAC 137-08-140 establishes an appeal process;
    c. Grievance and appeal responses. The contents of a grievance/appeal response, and the investigator/respondent, may NOT be grieved as the grievant may address his/her concerns regarding a response in an appeal to the next level of review;
    d. Determination by a grievance coordinator that a complaint is not grievable, as that decision is appealable to the Grievance Program Manager;
    e. Staff may not be grieved for writing an infraction or causing an infraction to be written, as the matter will be adjudicated through the disciplinary process in accordance with WAC; and
    f. A superintendent, facility supervisor, or regional administrator may not be grieved for his/her decision to designate an offender as an abuser of the Offender Grievance Program or restricting that offender's access to the grievance mechanism. Those decisions are automatically reviewed by designated administrators.

DOC written policy and written procedure governing these nongrievable issues MAY be challenged through the grievance process.

Note: Limit each complaint form to only <u>one</u> issue or incident.

42

# EXHIBIT

**[I]**

LOG I.D. NUMBER
06-20788



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

CHECK ONE: ☐ INITIAL GRIEVANCE, ☒ EMERGENCY GRIEVANCE, ☐ APPEAL TO NEXT LEVEL

**OFFENDER COMPLAINT**

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the coordinator. Contact a staff member to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

| NAME: LAST | FIRST | MIDDLE | DOC NUMBER |
|---|---|---|---|
| Basket | Ronald Lee | | 854421 |

| PROGRAM ASSIGNMENT | WORK HOURS | FACILITY/OFFICE | UNIT/CELL |
|---|---|---|---|
| GED | 7:30-10:30 | Education | L-518 |

| MAILING ADDRESS | STREET OR P.O. BOX | CITY/STATE | ZIPCODE | TELEPHONE NUMBER |
|---|---|---|---|---|

I WANT TO GRIEVE: THE PROVISIONS/PROTECTIONS ALLOWED FOR IN RCW 9.94A.150 ARE BEING VIOLATED BY D.O.C. THE GRIEVANT HAS SUBMITTED MULTIPLE GRIEVANCES PURSUANT TO D.O.C. POLICY CONCERNING EMERGENCY FURLOUGH(S) (WITH NO RESULTS); RCW 9.94A.150 ALLOWS FOR A PRISONER TO LEAVE THE CORRECTIONAL FACILITY UNDER ESCORT WITH A CCO, & IN MY CASE TO GO TO THE V.A. HOSPITAL & BE TREATED WITH MEDICATIONS & TREATMENT, HOSPITALIZATION FOR MENTAL HEALTH ISSUES FURTHER PURSUANT TO THE SRA, SENTENCE REFORM ACT OF 1981, RCW 9.94A.150...

SUGGESTED REMEDY: AUTHORIZE MY EMERGENCY FURLOUGH TO THE V.A. HOSPITAL WHERE I CAN BE RE-STABILIZED WITH MEDICATIONS/TREATMENT/REHAB:

BECAUSE THE STATUTORY LANGUAGE & STATUTORY CONSTRUCTION AUTHORIZES THIS, FOR D.O.C. NOT TO COMPLY, WOULD "CONSTITUTE & CREATE" STATUTORY VIOLATION(S) PURSUANT TO D.O.C. MANDATORY

SIGNATURE: Ronald Basket

DATE: 09.30.06.

## GRIEVANCE COORDINATOR'S RESPONSE

LOCATION CODE: D02

DATE RECEIVED: 10-2-06

Your complaint is being returned because:

☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____
☐ The formal grievance/appeal paperwork is being prepared.

☐ The complaint was resolved informally.
☒ Additional information and/or rewriting is needed. (See below.) Return within five (5) days or by:
Due Date: _____
☐ No rewrite received. Date: _____

EXPLANATION: I'm not sure what you are grieving - transfers are not grievable - You are not under community corrections you are under Prisons. There is no 9.94A.150.

| | TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|---|
| INITIAL COMPLAINT OUTCOME INFORMATION | 01 | 58 57 | 347 | 780 | 08 | 08 | 10/2/06 | Virgn Hewitt |

DOC 05-165 (REV. 01/21/05) DCO / POL  3.  **GRIEVANT**

DOC 550.100

43

## GRIEVABLE AND NONGRIEVABLE ITEMS

**GRIEVABLE ITEMS: Individuals confined in an institution or work release facility, or who are under community supervision, may grieve the following, when applicable to their place of confinement or conditions of supervision and when the incident or issue affects them personally:**

1. Policies, rules, and procedures enforced within the facility, community corrections office or the Department of Corrections;
2. Application of policies, rules, and procedures;
3. Lack of a policy, rule, or procedure which directly affects the living conditions of the offender;
4. Actions of employees, contract staff, or volunteers over which the facility or supervising office has jurisdiction;
5. Actions of other offenders; and
6. Retaliation against the grievant for his/her goodfaith participation in the grievance program.

**NONGRIEVABLE ITEMS: The following items are NOT grievable:**
1. State and federal law (includes RCW and WAC);
2. Court actions and decisions;
3. Indeterminate Sentence Review Board actions and decisions;
4. Pre-sentence Investigation (PSI) reports;
5. Community Corrections Officers' recommendations to the Court and/or the Indeterminate Sentence Review Board;
6. Application of special conditions imposed by a Community Corrections Officer in accordance with department policy;
7. Actions of persons not under the jurisdiction of the facility or community corrections office to which the offender is confined/assigned;
8. Administrative Segregation Hearings actions and decisions;
9. Classification decisions and those issues <u>requiring</u> action through the classification process such as transfer, custody promotion/demotion, and so forth (grievance coordinators will refer such issues to the appropriate counselor, Unit Team, etc.);
10. Infractions and disciplinary actions and decisions;
11. Department of Natural Resources (DNR) policies and procedures are not grievable as DOC has no authority in such matters. Grievance coordinators should refer complaints on such issues to the local DNR administrator. Formal conduct grievances <u>may</u> be pursued against DNR staff only in the most flagrant cases, such as physical or sexual abuse, or sexual harassment. Formal conduct grievances shall be investigated jointly by the DOC superintendent and the DNR local administrator. Corrective actions against DNR staff are the responsibility of DNR administrators. Grievance coordinators will discuss the issue with the Grievance Program Manager <u>prior</u> to initiating any formal conduct grievance against DNR staff; and
12. Any process that has a formalized appeal or review procedure built into it which has been approved by the Grievance Program Manager prior to its use to reject complaints as nongrievable. Items already approved include:
    a. Rejection of incoming or outgoing mail and packages (Prisons and Pre-Release facilities ONLY). WAC 137-48 provides a formalized avenue of appeal;
    b. Denial of information through the public disclosure process. WAC 137-08-140 establishes an appeal process;
    c. Grievance and appeal responses. The contents of a grievance/appeal response, and the investigator/respondent, may NOT be grieved as the grievant may address his/her concerns regarding a response in an appeal to the next level of review;
    d. Determination by a grievance coordinator that a complaint is not grievable, as that decision is appealable to the Grievance Program Manager;
    e. Staff may not be grieved for writing an infraction or causing an infraction to be written, as the matter will be adjudicated through the disciplinary process in accordance with WAC; and
    f. A superintendent, facility supervisor, or regional administrator may not be grieved for his/her decision to designate an offender as an abuser of the Offender Grievance Program or restricting that offender's access to the grievance mechanism. Those decisions are automatically reviewed by designated administrators.

DOC written policy and written procedure governing these nongrievable issues MAY be challenged through the grievance process.

Note: Limit each complaint form to only <u>one</u> issue or incident.

44

# EXHIBIT [J]



Re-write

 **STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

| LOG I.D. NUMBER |
| --- |
| 06-20788 |

**OFFENDER COMPLAINT**

CHECK ONE: ☐ INITIAL GRIEVANCE, ☐ EMERGENCY GRIEVANCE, ☐ APPEAL TO NEXT LEVEL

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the coordinator. Contact a staff member to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

| NAME: | LAST Basket | FIRST Ronald | Lee | MIDDLE | DOC NUMBER 854421 |
| --- | --- | --- | --- | --- | --- |

| PROGRAM ASSIGNMENT 6 ED | WORK HOURS 7:30-10:30 A/M | FACILITY/OFFICE Education | UNIT/CELL C-518² |
| --- | --- | --- | --- |

**COMMUNITY SUPERVISION:** Send all completed copies of this form directly to: Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: | STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
| --- | --- | --- | --- | --- |

I WANT TO GRIEVE: THAT I AM NOT GRIEVING A TRANSFER. AS AN EMERGENCY FURLOUGH IS A RE-TURN TRIP TO TRU, AS OPPOSED TO A ONE WAY DEFINITION OF TRANSFER. RCW 9.94A.150 IS A PENAL STATUTE, AS OPPOSED TO THE COMMUNITY CORRECTIONS STATUTE THAT YOU CLASS-IFIED IT AS. REFER TO TITLE 9; WHEREFORE, PURSUANT TO 9.94A.150(3) I CAN BE ESCORTED TO THE V.A. HOSPITAL FOR MEDICATION & TREAT-MENT / REHABILITATION BY A COMMUNITY CORRECTIONS OFFICER:

BECAUSE I MEET THE (4) CONDITION(S) UNDER RCW 9.94A.150(4)(a)., MY PHYSICAL CONDITION PURSUANT TO A BROKEN BACK AT LUMBAR 4-5., ESTAB-LISHES ME AT A "(LOW RISK)" PURSUANT TO RCW 9.94A.150(4)(a)(iii); BECAUSE D.O.C. REFUSES TO TREAT ME, THE "[EXCESSIVE FORCE STANDARD]" IS SATISFIED UNDER THE 8TH AMENDMENT. CRUEL UNUSUAL PUNISHMENT!

SUGGESTED REMEDY: AUTHORIZE MY EM-ERGENCY MEDICAL FURLOUGH PURSUANT TO RCW 9.94A(4)(a)(iii) PER STATUTORY CONSTRUCTION:

| MANDATORY | SIGNATURE Ronald Basket | DATE 10-3-06 |
| --- | --- | --- |

---

**GRIEVANCE COORDINATOR'S RESPONSE**

| LOCATION CODE DO2 | DATE RECEIVED 10-4-06 |
| --- | --- |

Your complaint is being returned because:

☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____
☐ The formal grievance/appeal paperwork is being prepared.

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting is needed.
(See below.) Return within five (5) days or by:
Due Date: _____
☐ No rewrite received. Date: _____

EXPLANATION: Title 9.94A.150 does not exist (see attached index for 9.94A Sentencing reform act of 1981. — Work with mental health/medical provider. Review – CC 600.020 for Offender Paid Health Cov.

| INITIAL COMPLAINTS INFORMATION | | | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
| --- | --- | --- | --- | --- | --- | --- | --- |
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | | |
| 01 | 50 | 347 | 780 | 08 | 08 | 10-4-06 | Virgin Hewitt |

DOC 05-165 (Rev. 10/2000) OCO / POL    **3.    GRIEVANT**                     DOC 550.100

## GRIEVABLE AND NONGRIEVABLE ITEMS

**GRIEVABLE ITEMS: Individuals confined in an institution or work release facility, or who are under community supervision, may grieve the following, when applicable to their place of confinement or conditions of supervision and when the incident or issue affects them personally:**

1. Policies, rules, and procedures enforced within the facility, community corrections office or the Department of Corrections;
2. Application of policies, rules, and procedures;
3. Lack of a policy, rule, or procedure which directly affects the living conditions of the offender;
4. Actions of employees, contract staff, or volunteers over which the facility or supervising office has jurisdiction;
5. Actions of other offenders; and
6. Retaliation against the grievant for his/her goodfaith participation in the grievance program.

**NONGRIEVABLE ITEMS: The following items are NOT grievable:**
1. State and federal law (includes RCW and WAC);
2. Court actions and decisions;
3. Indeterminate Sentence Review Board actions and decisions;
4. Pre-sentence Investigation (PSI) reports;
5. Community Corrections Officers' recommendations to Superior Court and/or the Indeterminate Sentence Review Board;
6. Application of special conditions imposed by a Community Corrections Officer in accordance with department policy;
7. Actions of persons not under the jurisdiction of the facility or community corrections office to which the offender is confined/assigned;
8. Administrative Segregation Hearings actions and decisions;
9. Classification decisions and those issues <u>requiring</u> action through the classification process such as transfer, custody promotion/demotion, and so forth (grievance coordinators will refer such issues to the appropriate counselor, Unit Team, etc.);
10. Infractions and disciplinary actions and decisions;
11. Department of Natural Resources (DNR) policies and procedures are not grievable as DOC has no authority in such matters. Grievance coordinators should refer complaints on such issues to the local DNR administrator. Formal conduct grievances <u>may</u> be pursued against DNR staff only in the most flagrant cases, such as physical or sexual abuse, or sexual harassment. Formal conduct grievances shall be investigated jointly by the DOC superintendent and the DNR local administrator. Corrective actions against DNR staff are the responsibility of DNR administrators. Grievance coordinators will discuss the issue with the Grievance Program Manager <u>prior</u> to initiating any formal conduct grievance against DNR staff; and
12. Any process that has a formalized appeal or review procedure built into it which has been approved by the Grievance Program Manager prior to its use to reject complaints as nongrievable. Items already approved include:
    a. Rejection of incoming or outgoing mail and packages (Prisons and Pre-Release facilities ONLY). WAC 137-48 provides a formalized avenue of appeal;
    b. Denial of information through the public disclosure process. WAC 137-08-140 establishes an appeal process;
    c. Grievance and appeal responses. The contents of a grievance/appeal response, and the investigator/respondent, may NOT be grieved as the grievant may address his/her concerns regarding a response in an appeal to the next level of review;
    d. Determination by a grievance coordinator that a complaint is not grievable, as that decision is appealable to the Grievance Program Manager;
    e. Staff may not be grieved for writing an infraction or causing an infraction to be written, as the matter will be adjudicated through the disciplinary process in accordance with WAC; and
    f. A superintendent, facility supervisor, or regional administrator may not be grieved for his/her decision to designate an offender as an abuser of the Offender Grievance Program or restricting that offender's access to the grievance mechanism. Those decisions are automatically reviewed by designated administrators.

DOC written policy and written procedure governing these nongrievable issues MAY be challenged through the grievance process.

Note: Limit each complaint form to only <u>one</u> issue or incident.

DOC 05-165 BACKSIDE OF PINK COPY (Rev. 10/2000) OCO / POL                     DOC 550.100



# EXHIBIT  [K]

LOG I.D. NUMBER
06-20788

**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**OFFENDER COMPLAINT**

CHECK ONE: ☒ INITIAL GRIEVANCE, ☐ EMERGENCY GRIEVANCE, ☐ APPEAL TO NEXT LEVEL

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the coordinator. Contact a staff member to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

| NAME: LAST | FIRST | MIDDLE | DOC NUMBER |
|---|---|---|---|
| Casket Ronald | Lee | | 854421 |

| PROGRAM ASSIGNMENT | WORK HOURS | FACILITY/OFFICE | UNIT/CELL |
|---|---|---|---|
| 5 ED | 78:30 -10:30 | EDUCATION | 5-51B |

COMMUNITY SUPERVISION: Send the completed copies of this form directly to Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS | DIRECTOR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
|---|---|---|---|---|

I WANT TO GRIEVE: UNDER THE (SRA) 8 SENTENCING REFORM ACT OF 1981, FOR; I WANT TO RCW 9.94A. 728 EARNED RELEASE TIME; SEE; RCW 9.94A. 728 (3) AN OFFENDER MAY LEAVE A CORRECTIONAL FACILITY PURSUANT TO AN AUTHORIZED FURLOUGH OR LEAVE OF ABSENCE. IN ADDITION, OFFENDERS MAY LEAVE A CORRECTIONAL FACILITY WHEN IN THE CUSTODY OF A CORRECTIONS OFFICER OR OFFICERS; RCW 9.94A. 728 (4)(a): THE SECRETARY MAY AUTHORIZE MEDICAL PLACEMENT FOR AN OFFENDER WHEN ALL OF THE FOLLOWING CONDITIONS EXIST; SEE RCW 9.94A. 728 (4)(a)(i)(ii)(iii)

SUGGESTED REMEDY: GRANT AN AUTHORIZED FURLOUGH TO THE VA. HOSPITAL FOR MENTAL HEALTH EVALUATION TREATMENT, 10 DAY MENTAL TREATMENT PROGRAM.

BECAUSE I MEET THE (3) PRONG(S) OF THE STATUTORY LANGUAGE & STATUTORY CONSTRUCTION OF RCW 9.94A. 728 (4)(a)(i)(ii)(iii)., TO DENY IS TO VIOLATE STATUTE;  MANDATORY;

SIGNATURE: Ronald Casket    DATE: 10.04.06.

---

**GRIEVANCE COORDINATOR'S RESPONSE**

| LOCATION CODE | DATE RECEIVED |
|---|---|
| D02 | 10/6/06 |

Your complaint is being returned because:

☐ ☐ The complaint was resolved informally.
☐ Additional information and/or rewriting is needed
(See below.) Return within five (5) days or by:
Due Date:
☐ You failed to respond to callout sheet on _____
☒ The formal grievance/appeal paperwork is being prepared.
☐ No rewrite received. Date: _____

EXPLANATION:

---

INITIAL COMPLAINT/DCS INFORMATION

| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|
| 01 | 50 | 347 | 780 | 08 | 08 | 10-9-06 | Z Hewitt |

DOC 05-165 (Rev. 01/21/05) OCO / POL    3.    **GRIEVANT**    DOC 550.100



47

## GRIEVABLE AND NONGRIEVABLE ITEMS

**GRIEVABLE ITEMS: Individuals confined in an institution or work release facility, or who are under community supervision, may grieve the following, when applicable to their place of confinement or conditions of supervision and when the incident or issue affects them personally:**

1. Policies, rules, and procedures enforced within the facility, community corrections office or the Department of Corrections;
2. Application of policies, rules, and procedures;
3. Lack of a policy, rule, or procedure which directly affects the living conditions of the offender;
4. Actions of employees, contract staff, or volunteers over which the facility or supervising office has jurisdiction;
5. Actions of other offenders; and
6. Retaliation against the grievant for his/her goodfaith participation in the grievance program.

**NONGRIEVABLE ITEMS: The following items are NOT grievable:**
1. State and federal law (includes RCW and WAC);
2. Court actions and decisions;
3. Indeterminate Sentence Review Board actions and decisions;
4. Pre-sentence Investigation (PSI) reports;
5. Community Corrections Officers' recommendations to the Court and/or the Indeterminate Sentence Review Board;
6. Application of special conditions imposed by a Community Corrections Officer in accordance with department policy;
7. Actions of persons not under the jurisdiction of the facility or community corrections office to which the offender is confined/assigned;
8. Administrative Segregation Hearings actions and decisions;
9. Classification decisions and those issues <u>requiring</u> action through the classification process such as transfer, custody promotion/demotion, and so forth (grievance coordinators will refer such issues to the appropriate counselor, Unit Team, etc.);
10. Infractions and disciplinary actions and decisions;
11. Department of Natural Resources (DNR) policies and procedures are not grievable as DOC has no authority in such matters. Grievance coordinators should refer complaints on such issues to the local DNR administrator. Formal conduct grievances <u>may</u> be pursued against DNR staff only in the most flagrant cases, such as physical or sexual abuse, or sexual harassment. Formal conduct grievances shall be investigated jointly by the DOC superintendent and the DNR local administrator. Corrective actions against DNR staff are the responsibility of DNR administrators. Grievance coordinators will discuss the issue with the Grievance Program Manager <u>prior</u> to initiating any formal conduct grievance against DNR staff; and
12. Any process that has a formalized appeal or review procedure built into it which has been approved by the Grievance Program Manager prior to its use to reject complaints as nongrievable. Items already approved include:
    a. Rejection of incoming or outgoing mail and packages (Prisons and Pre-Release facilities ONLY). WAC 137-48 provides a formalized avenue of appeal;
    b. Denial of information through the public disclosure process. WAC 137-08-140 establishes an appeal process;
    c. Grievance and appeal responses. The contents of a grievance/appeal response, and the investigator/ respondent, may NOT be grieved as the grievant may address his/her concerns regarding a response in an appeal to the next level of review;
    d. Determination by a grievance coordinator that a complaint is not grievable, as that decision is appealable to the Grievance Program Manager;
    e. Staff may not be grieved for writing an infraction or causing an infraction to be written, as the matter will be adjudicated through the disciplinary process in accordance with WAC; and
    f. A superintendent, facility supervisor, or regional administrator may not be grieved for his/her decision to designate an offender as an abuser of the Offender Grievance Program or restricting that offender's access to the grievance mechanism. Those decisions are automatically reviewed by designated administrators.

DOC written policy and written procedure governing these nongrievable issues MAY be challenged through the grievance process.

Note: Limit each complaint form to only <u>one</u> issue or incident.

48



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**LEVEL 1 – INITIAL GRIEVANCE**
**NIVEL 1 - QUEJA INICIAL**

| NAME:<br>NOMBRE: | LAST<br>APELLIDO | FIRST<br>PRIMER NOMBRE | MIDDLE<br>2DO NOMBRE | | DOC NUMBER<br>NUMERO DOC | FACILITY/ FACILIDAD | UNIT/CELL<br>UNIDAD/CELDA |
|---|---|---|---|---|---|---|---|
| | **BASKET** | **RONALD** | **L** | | **854421** | **AHCC** | **C5F064** |

| COMMUNITY CORRECTIONS OFFICE<br>OFICINA DE CORRECCIONES EN LA COMUNIDAD | DATE TYPED<br>FECHA ESCRITA<br>**12/4/06** | PART B – OBTS INFORMATION INFORMACION DE OBTS | | |
|---|---|---|---|---|
| | | REMEDY/REMEDIO | RESOLUTION/RESOLUCION | PENDING/PENDIENTE |
| | | 06 | 04 | |

**PART A – INITIAL GRIEVANCE/ PARTE A – QUEJA INICIAL**

Response due/Respuesta requerida en _____

**I WANT TO GRIEVE:** The fact that when I went down to the pill line at approximately 11:45am on 11/18/06 per the C/O's recommendation to possible get a Ibuprofen for my toothache that I have now and they always go straight to my head. I put in a kite to dental over 2 weeks ago with no results. My mental health call out last week went completely by the way side as no Ibuprofen was administered for headaches and back aches as a direct result of no PTSD treatment/rehabilitation "extraordinary stress". My medical staff kite that I put in over 2 weeks ago to have my back evaluated pursuant to a break at lumbar 4/5 and a 20 lb. lifting restriction imposed by DOC and I have not been in. Cold weather since 1999 and the coldness are affecting my back more adversely. I'm indigent and cannot buy Ibuprofen off stores and I have to rely on DOC for over the counter pain medication.

**SUGGESTED REMEDY:** Give me some Ibuprofen to slow down and ease my pain and suffering.

| _CS Russin_ | _12-5-06_ | _-S-_ | |
|---|---|---|---|
| GRIEVANCE COORDINATOR SIGNATURE<br>FIRMA DE COORDINADOR DE QUEJAS | DATE<br>FECHA | GRIEVANT SIGNATURE<br>FIRMA DE QUEJANTE | DATE<br>FECHA |

**PART B – LEVEL I RESPONSE / PARTE B RESPUESTA PRIMER NIVEL**

Rusty Smith, COM in the Health Services Unit, investigated your grievance, finding the following; it appears that you want Ibuprofen for several reasons, most of them clinically non-applicable. MSU has a medical sick call and you should sign up to be seen concerning your lower back ache. Unfortunately there is no dental sick call at this time.

FOR YOU

| _CS Russin_ | _12-8-06_ |
|---|---|
| GRIEVANCE COORDINATOR SIGNATURE<br>COOINADOR DE QUEJAS | DATE<br>FECHA |

You may appeal this response by submitting a written appeal to the coordinator within two (2) working days from date this response was received.
Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de dos (2) días de trabajo de la fecha en que esta respuesta fue recibida.

DOC 05-166 E/S (Rev. 10/2000) POL

1. **GRIEVANCE PROGRAM MANAGER – GERENTE DEL PROGRAMA DE QUEJAS**

DOC 550.100

# EXHIBIT [S]

LOG I.D. NUMBER
06 273 70



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**OFFENDER COMPLAINT**

CHECK ONE: ☐ INITIAL GRIEVANCE, ☐ EMERGENCY GRIEVANCE, ☒ APPEAL TO NEXT LEVEL

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the coordinator. Contact a staff member to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

| NAME: LAST Basket | FIRST Ronald | MIDDLE Lee | DOC NUMBER 854421 |
|---|---|---|---|
| PROGRAM ASSIGNMENT ITC | WORK HOURS 1:00 - 3:50 pm | FACILITY/OFFICE Education | UNIT/CELL C5F064 |

COMMUNITY SUPERVISION: Send all completed copies of this form directly to: Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41126, Olympia WA 98504-1120

| MAILING ADDRESS: | STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |

**I WANT TO GRIEVE:** Re-Write I was Involved in Intensive Outpatient. P.T.S.D. Treatment Rehabilitation, with a bi-polar & uni-polar History back to 1996/97. I was heavily medicated & have an "(disability award letter)" issued by the Dept of Veterans Affairs stating that i am **PERMANENTLY** & Totally disabled. I have this in my possession! I fought d.o.c. at MCC, Monroe for 01 year, & They told me i was Cured. How did i get Cured? Through **DELIBERATE INDIFFERENCE** my Condition has worsened. I am at The Extreme End of my Rope having to Ex-plain to Mary Dr. of Psychology at Medical Main-way i think I am worthy of Treatment over The Next Person. Does the Next Person Walk in my Shoes?

**SUGGESTED REMEDY:** I am alleging that d.o.c. is using Rev-erse Psychology to Negate Providing help to me;

**MANDATORY**

| SIGNATURE Ronald Basket | DATE 12.30.06 |

---

**GRIEVANCE COORDINATOR'S RESPONSE**

| LOCATION CODE | DATE RECEIVED 1-4-07 |

Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____
☐ The formal grievance/appeal paperwork is being prepared.

☐ The complaint was resolved informally.
☒ Additional information and/or rewriting is needed.
(See below.) Return within five (5) days or by:
Due Date: _____
☐ No rewrite received. Date: _____

EXPLANATION:

---

| INITIAL COMPLAINT DATA INFORMATION | | | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | | |
| 01 | 50 | 527 | 722 | 08 | 09 | 1-4-07 | CSK |

DOC 05-165 (Rev. 01/21/05) OCO / POL    **3.    GRIEVANT**



DOC 550.100

# GRIEVABLE AND NONGRIEVABLE ITEMS

**GRIEVABLE ITEMS: Individuals confined in an institution or work release facility, or who are under community supervision, may grieve the following, when applicable to their place of confinement or conditions of supervision and when the incident or issue affects them personally:**

1. Policies, rules, and procedures enforced within the facility, community corrections office or the Department of Corrections;
2. Application of policies, rules, and procedures;
3. Lack of a policy, rule, or procedure which directly affects the living conditions of the offender;
4. Actions of employees, contract staff, or volunteers over which the facility or supervising office has jurisdiction;
5. Actions of other offenders; and
6. Retaliation against the grievant for his/her goodfaith participation in the grievance program.

**NONGRIEVABLE ITEMS: The following items are NOT grievable:**
1. State and federal law (includes RCW and WAC);
2. Court actions and decisions;
3. Indeterminate Sentence Review Board actions and decisions;
4. Pre-sentence Investigation (PSI) reports;
5. Community Corrections Officers' recommendations to the Court and/or the Indeterminate Sentence Review Board;
6. Application of special conditions imposed by a Community Corrections Officer in accordance with department policy;
7. Actions of persons not under the jurisdiction of the facility or community corrections office to which the offender is confined/assigned;
8. Administrative Segregation Hearings actions and decisions;
9. Classification decisions and those issues <u>requiring</u> action through the classification process such as transfer, custody promotion/demotion, and so forth (grievance coordinators will refer such issues to the appropriate counselor, Unit Team, etc.);
10. Infractions and disciplinary actions and decisions;
11. Department of Natural Resources (DNR) policies and procedures are not grievable as DOC has no authority in such matters. Grievance coordinators should refer complaints on such issues to the local DNR administrator. Formal conduct grievances <u>may</u> be pursued against DNR staff only in the most flagrant cases, such as physical or sexual abuse, or sexual harassment. Formal conduct grievances shall be investigated jointly by the DOC superintendent and the DNR local administrator. Corrective actions against DNR staff are the responsibility of DNR administrators. Grievance coordinators will discuss the issue with the Grievance Program Manager <u>prior</u> to initiating any formal conduct grievance against DNR staff; and
12. Any process that has a formalized appeal or review procedure built into it which has been approved by the Grievance Program Manager prior to its use to reject complaints are nongrievable. Items already approved include:
    a. Rejection of incoming or outgoing mail and packages (Prisons and Pre-Release facilities ONLY). WAC 137-48 provides a formalized avenue of appeal;
    b. Denial of information through the public disclosure process. WAC 137-08-140 establishes an appeal process;
    c. Grievance and appeal responses. The contents of a grievance/appeal response, and the investigator/respondent, may NOT be grieved as the grievant may address his/her concerns regarding a response in an appeal to the next level of review;
    d. Determination by a grievance coordinator that a complaint is not grievable, as that decision is appealable to the Grievance Program Manager;
    e. Staff may not be grieved for writing an infraction or causing an infraction to be written, as the matter will be adjudicated through the disciplinary process in accordance with WAC; and
    f. A superintendent, facility supervisor, or regional administrator may not be grieved for his/her decision to designate an offender as an abuser of the Offender Grievance Program or restricting that offender's access to the grievance mechanism. Those decisions are automatically reviewed by designated administrators.

DOC written policy and written procedure governing these nongrievable issues MAY be challenged through the grievance process.

Note: Limit each complaint form to only <u>one</u> issue or incident.

DOC 05-165 BACKSIDE OF PINK COPY (Rev. 01/21/05) OCO / POL                    DOC 550.100

# EXHIBIT [V]



LOG I.D. NUMBER
0627370

**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**LEVEL 1 – INITIAL GRIEVANCE**
**NIVEL 1 - QUEJA INICIAL**

| NAME: NOMBRE: | LAST APELLIDO | FIRST PRIMER NOMBRE | MIDDLE 2DO NOMBRE | DOC NUMBER NUMERO DOC | FACILITY/ FACILIDAD | UNIT/CELL UNIDAD/CELDA |
|---|---|---|---|---|---|---|
| | BASKET | RONALD | L | 854421 | AHCC | 5H113 C6F064 |

| COMMUNITY CORRECTIONS OFFICE OFICINA DE CORRECCIONES EN LA COMUNIDAD | DATE TYPED FECHA ESCRITA 1/11/07 | PART B – OBTS INFORMATION INFORMACION DE OBTS | | |
|---|---|---|---|---|
| | | REMEDY/REMEDIO 04 | RESOLUTION/RESOLUCION 03 | PENDING/PENDIENTE |

**PART A – INITIAL GRIEVANCE/ PARTE A – QUEJA INICIAL**          Response due/Respuesta requerida en _____

I WANT TO GRIEVE:   Re-write.   I was involved in intensive outpatient PTSD treatment rehabilitation with a bi-polar and uni-polar history back to 1996/97. I was heavily medicated and have a "disability award letter" issued by the Department of Veterans Affairs stating that I am permanently and totally disabled. I have this in my possession. I fought DOC at MCC Monroe for (1) year and they told me I was cured. How did I get cured? Through deliberate indifference my condition has worsened. I am at the extreme end of my rope having to explain to Mary/Dr. of Psychology at medical main why I think I am worthy of treatment over the next person. Does the next person walk in my shoes?

SUGGESTED REMEDY:   I am alleging that DOC is using reverse psychology to negate providing help to me.

| GRIEVANCE COORDINATOR SIGNATURE FIRMA DE COORDINADOR DE QUEJAS | DATE FECHA 1-16-07 | GRIEVANT SIGNATURE FIRMA DE QUEJANTE | DATE FECHA |
|---|---|---|---|

**PART B – LEVEL I RESPONSE / PARTE B RESPUESTA PRIMER NIVEL**

Rusty Smith, COM in the Health Services Unit, investigated your grievance, finding the following; I have asked the psychiatrist to place you on call out for an interview. We don't employ reverse psychology to negate treatment. Please watch callout.

| GRIEVANCE COORDINATOR SIGNATURE COOINADOR DE QUEJAS | DATE FECHA 1-25-07 |
|---|---|

You may appeal this response by submitting a written appeal to the coordinator within two (2) working days from date this response was received.
Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de dos (2) días de trabajo de la fecha en que esta respuesta fue recibida.

DOC 05-166 E/S (Rev. 10/2000) POL          **3. GRIEVANT – QUEJANTE**           DOC 550.100

*N°s 1
1-23*

# EXHIBIT

LOG I.D. NUMBER
0627370



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**LEVEL 1 – INITIAL GRIEVANCE**
**NIVEL 1 - QUEJA INICIAL**

| NAME: NOMBRE: | LAST APELLIDO | FIRST PRIMER NOMBRE | MIDDLE 2DO NOMBRE | DOC NUMBER NUMERO DOC | FACILITY/ FACILIDAD | UNIT/CELL UNIDAD/CELDA |
|---|---|---|---|---|---|---|
| | **BASKET** | **RONALD** | **L** | **854421** | **AHCC** | **C5F064** |

| COMMUNITY CORRECTIONS OFFICE OFICINA DE CORRECCIONES EN LA COMUNIDAD | DATE TYPED FECHA ESCRITA 1/11/07 | PART B – OBTS INFORMATION INFORMACION DE OBTS | | |
|---|---|---|---|---|
| | | REMEDY/REMEDIO *04* | RESOLUTION/RESOLUCION *03* | PENDING/PENDIENTE |

**PART A – INITIAL GRIEVANCE/ PARTE A – QUEJA INICIAL**     Response due/Respuesta requerida en _____

I WANT TO GRIEVE:   Re-write.   I was involved in intensive outpatient PTSD treatment rehabilitation with a bi-polar and uni-polar history back to 1996/97.  I was heavily medicated and have a "disability award letter" issued by the Department of Veterans Affairs stating that I am permanently and totally disabled.  I have this in my possession.  I fought DOC at MCC Monroe for (1) year and they told me I was cured.  How did I get cured?  Through deliberate indifference my condition has worsened.  I am at the extreme end of my rope having to explain to Mary/Dr. of Psychology at medical main why I think I am worthy of treatment over the next person.  Does the next person walk in my shoes?

SUGGESTED REMEDY:   I am alleging that DOC is using reverse psychology to negate providing help to me.

| | | | |
|---|---|---|---|
| *CS Ruppin* | *1-16-07* | *— S —* | |
| GRIEVANCE COORDINATOR SIGNATURE FIRMA DE COORDINADOR DE QUEJAS | DATE FECHA | GRIEVANT SIGNATURE FIRMA DE QUEJANTE | DATE FECHA |

**PART B – LEVEL I RESPONSE / PARTE B RESPUESTA PRIMER NIVEL**

Rusty Smith, COM in the Health Services Unit, investigated your grievance, finding the following; I have asked the psychiatrist to place you on call out for an interview. We don't employ reverse psychology to negate treatment. Please watch callout.

| | |
|---|---|
| *CS Ruppin* | *1-25-07* |
| GRIEVANCE COORDINATOR SIGNATURE COOINADOR DE QUEJAS | DATE FECHA |

You may appeal this response by submitting a written appeal to the coordinator within two (2) working days from date this response was received. Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de dos (2) días de trabajo de la fecha en que esta respuesta fue recibida.

DOC 05-166 E/S (Rev. 10/2000) POL       **1. GRIEVANCE PROGRAM MANAGER – GERENTE DEL PROGRAMA DE QUEJAS**       DOC 550.100

53

# EXHIBIT [Y]

 

**STATE OF WASHINGTON**

## OFFICE OF FINANCIAL MANAGEMENT

*Insurance Building, PO Box 43113 • Olympia, Washington 98504-3113 • (360) 902-0555*

AUGUST 1, 2005

RONALD BASKETT 854421
CLALLAM BAY CORR CENTER
1830 EAGLE CREST WAY
CLALLAM BAY, WA 98326

SUBJECT: Tort Claim #31058986

Dear Mr. Baskett,

This office has completed its review of your tort claim filed against the State of Washington regarding your allegations of being wrongfully arrested as your treatment provider terminated you.

According to the Department of Corrections (DOC), on February 22, 2005, you called and left a message stating you had been terminated from treatment, but did not know why. Therefore, DOC spoke with your treatment provider and learned you were terminated from treatment, because you would not admit your "deviant behavior". Your treatment provider further stated that you had not acknowledged your behavior and you were making no progress. As a result, DOC received approval for your arrest and you were arrested.

Furthermore your treatment termination report explains you were terminated due to your failure to focus on your deviancy and you did not complete an assignment. As such, you were violated for failing to follow your conditions of supervision. Therefore, on April 8, 2005, a violation hearing was held and your SOSA sentence was revoked. In turn, you were court ordered to serve your remaining 60 months suspended sentence.

In conclusion, this review has found no evidence to support your allegations, or of any related negligence or tortious conduct upon which to base any compensation under RCW 4.92. In closing, your claim against the State of Washington must be denied.

Sincerely,

Brian M. Agar
Senior Tort Claims Investigator

54